NICHOLAS SWARZ v. HENRY RAMALA.

No. 12,390.   (66 Pac. 649.)

SYLLABUS BY THE COURT.

1. TITLE AND OWNERSHIP — *Effect of Survey.*   The title to real estate is not put in issue in the determination by a county surveyor, under the provisions of chapter 89, Laws of 1891 (Gen. Stat. 1901, §§ 1797–1824), of the true boundary line between two quarter-sections of land.

2. ————*Estopped by Acquiescence in Survey — Constitutionality of Act.*   When the owner of a quarter-section of land claims title to a strip of ground adjacent thereto by adverse possession, upon condition that it forms a part of such quarter-section, and, after the location of the quarter-section line has been determined by the county surveyor under the provisions of the statute, and it is determined by the report of the surveyor that such strip of ground is not comprised in the quarter-section of which he is the owner, and he acquiesces in the report made by the surveyor, *held,* that the claimant to such strip of land by adverse possession is not in position to contest the constitutionality of the act under which the county surveyor proceeded in the location of the line, on the ground that he has been denied by such act the right of trial by jury in a case in which the right to trial by jury is guaranteed by the constitution.

3. ———— *Survey — Right of Trial by Jury.*   The right of trial by jury is not guaranteed by the constitution to litigants in all cases, but only in such cases as were properly triable by jury before the adoption of the constitution.   In chancery and statutory proceedings the legislature has the power to dispense with trial by jury.   The establishment of corners and the location of boundary lines by a county surveyor, under the provisions of chapter 89, Laws of 1891 (Gen. Stat. 1901, §§ 1797–1824), is a statutory proceeding.

Error from Franklin district court; SAMUEL A. RIGGS, judge.   Opinion filed November 9, 1901.   Division two.   Affirmed.

*Benson & Harris,* for plaintiff in error.

*H. A. Richards,* for defendant in error.

The opinion of the court was delivered by

POLLOCK, J.: This was a proceeding for injunction brought in the district court of Franklin county to restrain the building of a fence between the northeast quarter and northwest quarter of section 9, Lincoln township, in said county, upon a line between said quarter-sections established by the county surveyor of said county, under the provisions of chapter 89, Laws of 1891 (Gen. Stat. 1901, §§ 1797–1824.) From the agreed statement of facts in the record, it is found that in the year 1882 the owners of said quarter-sections caused to be built between the same a line fence upon what was supposed to be the line of the government survey; that this fence was continually maintained until the fall of 1897, at which time defendant in error, being then the owner of the northeast quarter, instituted proceedings under the statute to establish the true boundary line and corners of said quarter-section.

Upon due notice to plaintiff in error, the county surveyor proceeded to and did, under the statute, establish the western boundary line of said quarter-section between two and three feet west of the fence so erected. At the time of the location of this line, plaintiff in error was present and acquiesced in its location as made by the surveyor, at least to the extent of paying his proportionate share of the costs and expenses incident thereto. No appeal was prosecuted from such proceedings. Afterward, the fence-viewers of the township having duly assigned to defendant in error the duty of erecting and maintaining the north half of the fence on the line as established, defendant in error began the tearing down of the old fence and the erection of the new on the line

Swarz v. Ramala.

as located by the county surveyor, when this action was brought. Upon final hearing, a permanent injunction was refused. To reverse this judgment, plaintiff below prosecutes this proceeding in error.

The only question presented for our determination arises on the constitutionality of the act. (Laws 1891, ch. 89; Gen. Stat. 1901, §§ 1797–1824.) Plaintiff in error, having with full knowledge acquiesced in the location of the line and ratified the determination of the county surveyor, by paying his proportionate share of the expenses incident thereto and by failing to appeal from such proceedings, is now conclusively estopped from questioning the correctness of the line as established, unless the law under which the county surveyor assumed to act is utterly null and void, and he is in position to question the validity of this legislation in this action.

The specific objection urged by counsel for plaintiff in error against the validity of the act is that, as plaintiff in error and his grantors have remained in the actual, peaceable possession of the strip of ground lying between the new line as located and the fence as it stood upon the supposed government survey for a period of more than fifteen years prior to the commencement of proceedings by defendant in error to ascertain the true boundary line, the owner of the northwest quarter became the owner of this strip of ground by adverse possession; and, as the act in question does not provide for the determination of the title to this strip of ground by jury trial, upon appeal, the plaintiff was surveyed out of his land. Hence, the act is unconstitutional and void.

With this contention we do not agree. As the act does not in express terms or by necessary implication deny the right of trial by jury upon appeal, as

to controverted issues of fact, and as plaintiff in error acquiesced in the location of the line as established by the county surveyor, and waived his right of appeal, he thereby precluded himself from the right to demand a jury trial upon appeal, and is not now in position, and cannot now be heard, to assert the invalidity of the act because in contravention of the constitution.   Again, section 5 of the bill of rights does not guarantee the right of trial by jury to all parties litigant.in all cases, but only guarantees the right in such cases as were properly triable by jury at common law before the adoption of the constitution.   In chancery and in statutory proceedings the legislature has ample power to dispense with trial by jury.   (*Kimball and others v. Connor, Stark and others,* 3 Kan. 415 ; *Ross v. Comm'rs of Crawford Co.,* 16 id. 411; *C. B. U. P. Rld. Co. v. A. T. & S. F. Rld Co.,* 28 id. 453 ; *Louisiana & Frankford Plank Road Co. v. Pickett,* 25 Mo. 535.)

The form of proceedings in the establishment of corners and the location of boundary lines by the county surveyor, in accordance with the act in question, is purely statutory, and was employed by the parties to this controversy for the one purpose alone of determining the exact location of the boundary line between the two quarter-sections of land.   That the plaintiff below owns all of the northwest quarter, and the defendant all of the northeast quarter, is admitted.   Plaintiff below does not claim title by adverse possession or otherwise to any part of the northeast quarter.   As was said by Rothrock, J., in *Gates v. Brooks,* 59 Iowa, 510, 6 N. W. 595, 13 N. W. 640, in passing on a similar proposition :

"There is no question of title between the parties in any proper sense.   A controversy arises only when

the parties attempt to apply their respective deeds to the face of the earth.    The question is one of location.    All the claim which defendants make to the land in controversy, so far as this proceeding is concerned, is conditional.    They claim the land in controversy if it is within section 15.    We find, it is true, some intimation that they claim it absolutely by adverse possession.    But with such claim we have nothing to do in this proceeding.    Such a claim, if it is valid, is independent of the true location of the section line.    We have to do with nothing except the conditional claim, which is dependent wholly upon the true location of the section line.''

Adverse possession may change the title to real property, but it cannot change the location of a quarter-section line.    Had plaintiff claimed title to the strip of land in controversy by adverse possession, absolutely and unconditionally, without regard to location, and demanded a trial by jury to determine this question of title, a different proposition would be presented.    This he did not do.    He claimed title to this strip of land only as a part of the northwest quarter.    The condition upon which he claimed was, in the special statutory proceeding, determined against him.    In this determination he acquiesced.    The condition on which he claimed having failed, his claim must fail.

It follows that the act in question has not denied plaintiff in error the right of trial by jury in any case in which he was entitled to demand the same, and is not, for snch reason, in violation of the constitution.    The judgment is affirmed.

DOSTER, C.J., CUNNINGHAM, J., concurring.