C. L. COWDERY V. THE STATE OF KANSAS, *ex rel. Walter Pleasant, as County Attorney.*

No. 14,126.    (80 Pac. 953.)

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Injunction—Jury—Proof.* On the trial of a suit perpetually to enjoin the maintaining of a common nuisance under the prohibitory liquor law the defendant is not entitled to a jury trial as a matter of right; nor is it necessary to have the fact established that the place charged as maintained is a nuisance by any former adjudication or verdict.

2. —— *Trial by Court.* In such suit the court may proceed, as in other injunction cases, to try the truth of the charge, without a jury, and to grant or refuse the injunction asked.

3. —— *Pendency of Criminal Action Immaterial.* The fact that a criminal action for a violation of the prohibitory law and a civil suit to enjoin the maintenance of a nuisance under the same law are pending in the same court is not a good reason for postponing the hearing of the civil suit until the criminal case shall have been disposed of.

Error from Franklin district court; CHARLES A. SMART, judge. Opinion filed May 6, 1905. Affirmed.

*Deford & Deford,* for plaintiff in error.

*C. C. Coleman,* attorney-general, *Walter Pleasant,* county attorney, and *W. B. Pleasant,* for The State.

The opinion of the court was delivered by

CLARK A. SMITH, J.:   This was a suit to abate and enjoin the maintenance of a nuisance under the prohibitory liquor law.   The injunction was allowed and the defendant brings the case here for review.

The first error assigned is that on the trial the court refused the defendant a jury trial, and *Woodman v. Davis*, 32 Kan. 344, 4 Pac. 262, and *Swarz v. Ramala*, 63 id. 633, 66 Pac. 649, are cited as authority.   Neither case sustains the defendant's position, and the action of the court is so well sustained by numerous other decisions of this court that it seems unnecessary to discuss it.   In fact, *Swarz v. Ramala, supra*, sustains the action of the court.

Again, it is urged that the court erred in not dismissing, or, at least, not continuing, the trial of this case until a criminal case which was pending in the same court against the same defendant should be disposed of, and in which he was charged with a violation of the prohibitory liquor law, and, it is claimed, upon the same facts.   Whether the charge in the criminal case was for illegal sales or for maintaining a nuisance the record here does not disclose.   It matters not. The result of the criminal case could under no circumstances become *res judicata* as to any question of law or fact involved in the civil case.   If not, the verdict or judgment in the criminal case would not even be competent evidence for the court to consider in the determination of the civil action.   Assuming, as the briefs seem to indicate, that the charge in the criminal case was the illegal sale of intoxicating liquors, an acquittal on this charge would not even bar a criminal prosecution for maintaining a nuisance, as, besides the sale, there are two other grounds upon which the nuisance charge might be sustained.   If for no other reason the verdict or judgment of acquittal in a criminal case is incompetent evidence on the trial of a civil ac-

tion, involving the same facts, because of the different degree of certainty requisite in the proof of the two cases.

The next assignment of error is the denial of the defendant's motion to strike out some testimony from a mass of evidence. The motion, if acted upon, would impose upon the trial court, and, if considered here, upon this court, the burden of sifting the evidence for the purpose, first, of determining to what portion the motion is intended to apply, and, second, whether the motion should be allowed as to such portion or portions. The latter only falls within the duty of the court. If a party claims that some timbers in a pile are too short for a specified purpose, he must point out the pieces; then the court should measure them. The court should not both pick and measure. The motion is not sufficiently specific, and there was no error in denying it, regardless of its merits, which we do not decide. It appears, however, from the findings that the judgment against the defendant was not based upon violations prior to March 19, 1903; so if there was evidence of prior violations the defendant was not prejudiced thereby.

The last assignment, except to the ruling upon the motion for a new trial, which depends upon the others, is that the court erred in admitting evidence favorable to the plaintiff. No proper objections were made and saved, however, and no specific rulings of the court are called to our attention in the brief of plaintiff in error.

The judgment of the district court is affirmed.

All the Justices concurring.