ANN WASHINGTON v. W. I. RICHARDS *et al.*

No. 15,527.   (96 Pac. 32.)

SYLLABUS BY THE COURT.

INJUNCTION—*Proposed Survey—Change of Boundaries.* Injunction will lie to enjoin a proposed survey of lands and a change of boundaries, where the boundaries have been permanently established by a former lawful survey, from which no appeal has been taken.

Error from Pottawatomie district court; ROBERT C. HEIZER, judge.   Opinion filed May 9, 1908.   Reversed.

*John E. Hessin,* for plaintiff in error.

*A. E. Crane, F. T. Woodburn, E. D. Woodburn,* and *Charles Hayden,* for defendants in error.

The opinion of the court was delivered by

PORTER, J.: The plaintiff brought suit to enjoin W. I. Richards and the county surveyor of Pottawatomie county from making a proposed survey of certain lands. The court sustained a demurrer to the petition. The plaintiff, electing to stand upon the petition, brings error.

The petition is quite lengthy, but the material averments therein may be summarized as follows: The plaintiff is the owner of a farm of about 162 acres; defendant Richards is the owner of land adjoining it, in the same reservation. The lands are a part of Wyandotte Reserve No. 6, township 9 south, of range 7 east, in Pottawatomie county. Long prior to April 19, 1893, there had been a contention between the plaintiff and her grantors on the one hand, and defendant Richards and his grantors on the other, relative to the boundary-lines of the two tracts of land; and, on the application of one Archibald Richards and defendant W. I. Richards, both interested parties, a full and complete survey of the lands was made on the 17th, 18th

and 19th of April, 1893, by the county surveyor of Pottawatomie county. The surveyor at that time located and established the corners and boundaries of the two tracts of land, filed in his office a full and correct copy of the survey, deposited a copy thereof in the office of the register of deeds of Pottawatomie county, and performed all of the things necessary to be done to make a lawful and complete survey. Defendant W. I. Richards, Archibald Richards, at that time part owner of the lands now belonging to W. I. Richards, G. W. Washington, agent for the plaintiff and her grantors, and all of the interested parties who owned land affected by such survey were present and participated therein, and the boundaries and corners indicated in the survey and plat were consented to by all of the persons present. No appeal was ever taken from the survey of 1893, as provided by law, and the same has become fixed and permanent and the boundaries of the two tracts of land have thereby been permanently established.

The petition then alleges that defendant Richards, a short time prior to the commencement of this suit, filed a notice with defendant Williams, present county surveyor, for the purpose of procuring a resurvey of the lands in question; that the county surveyor caused a notice to be served on the plaintiff that on the 5th of February, 1907, he would begin a survey of the lands; that, unless restrained, the defendants will cause another survey to be made in accordance with such notice; and that the plaintiff has no adequate remedy at law. The only relief sought is to enjoin and restrain the attempted survey.

The ground relied upon in the demurrer is that the petition fails to state a cause of action for the reason that the plaintiff has an adequate remedy at law, and if dissatisfied with the action of the county surveyor she may appeal. The plaintiff contends that she has not a full, complete and adequate remedy at law, and

incidentally claims that section 1821 of the General Statutes of 1901, providing for an appeal, does not authorize the court to take into consideration the fact that a prior survey had been made which was permanent and a bar to a subsequent one. The provision with reference to the procedure in such cases is as follows:

"The court shall hear and determine said appeal, and enter an order of judgment approving or rejecting said report, or modifying or amending the same, or may refer the same back to the surveyor to correct his survey and report in conformity with the decree of the court, or may, for good cause shown, set aside the report and appoint one or more surveyors, who shall proceed, at the time mentioned in the order of the court, to survey and determine the corners and boundaries of the land in question, and shall report the same to the court for further action." (Gen. Stat. 1901, § 1821.)

We are unable to agree with the contention of the plaintiff with respect to the construction to be placed upon the statute. The district court is, in our opinion, authorized to consider any lawful objection which might be raised to the report. But we have no hesitation in concluding that the demurrer to the petition should have been overruled for the reason that the remedy afforded by appeal is not full, complete and adequate.

To say nothing of the delays and annoyances of prosecuting an appeal, the final decision would still leave the matter open and the landowner subject to repeated attempts on the part of his neighbor to procure a new survey. There would be no permanency in landmarks, however ancient, and at the very moment when a landowner was about to complete a contemplated sale of his lands he might find his hands tied by the service of a notice, at the instance of an adjoining owner, calling for a survey of the boundary-lines. The statute is intended to make boundary-lines and land-

marks once established permanent and fixed, and to make it impossible for one landowner to be at the mercy or caprice of an adjoining proprietor. For these reasons the statute expressly provides as follows:

"The corners and boundaries established in any survey made in pursuance of an agreement, or in any survey where no appeal is taken from the surveyor's report, and such corners and boundaries as are established by the decree of the court, shall be held and considered as permanently established, and shall not thereafter be changed." (Gen. Stat. 1901, § 1821.)

We have upheld injunction as a remedy against a sale of lands under a void execution, notwithstanding there was a remedy at law by motion to set aside the execution, or in spite of the fact that the judgment or the execution based thereon was void on its face and a sale thereunder would not create a cloud upon plaintiff's title. (*Updegraff v. Lucas,* 76 Kan. 456, 93 Pac. 630, and cases cited.) The defendants were proceeding to change that which the statute declares shall not be changed. No remedy can be suggested which is so practical and efficacious as injunction in such a case. The remedy of injunction is not defeated by the fact that the plaintiff has a remedy at law. (1 High, Inj., 4th ed., § 30.)

"It must be plain and adequate, or in other words, as practical and efficient to the ends of justice, and its prompt administration, as the remedy in equity." (*Boyce's Executors v. Grundy,* 28 U. S. 210, 214, reaffirmed in *Watson v. Sutherland,* 72 U. S. 74, 78, 18 L. Ed. 580.)

In volume 22 of the Cyclopedia of Law and Procedure, at page 770, it is said that the problem in any individual case is whether the remedy at law is adequate, and the modern rule with reference to injunctions is thus stated:

"To defeat the equitable jurisdiction, however, it is not sufficient that the law should merely afford some remedy; that remedy must be as practical and efficient

as is the equitable remedy in rendering justice and as prompt in its administration." (22 Cyc. 771.)

The permanency which the statute seeks to give to established boundaries and landmarks would be of little value to landowners if it lay within the power of any one interested to disturb the boundaries by new surveys and if the remedy by injunction could be defeated because the landowner who relies upon the former survey must set up his defense to each new proceeding.

The judgment is reversed and the cause remanded for further proceedings.