Roadenbaugh v. Egy.

IDA ROADENBAUGH et al., as Administrators, etc., *Appellants*, v. A. L. EGY, *Appellee.*

No. 18,056.

SYLLABUS BY THE COURT.

1. SURVEYS—*Duty of County Surveyor—Statutory Rules.* In a survey, called for the specific purpose of establishing the boundary line between the northwest quarter and the northeast quarter of a certain section, it is the duty of the county surveyor, and of the court on appeal, to relocate the line according to the statutory rules for reproducing United States government surveys.

2. ——— *Same.* If the survey be called to determine and permanently establish the corners and boundaries of one or more tracts of land severally owned or occupied, then it is the duty of the county surveyor, and of the court on appeal, to observe the statutory rules so far as applicable, and also to consider any other competent evidence which may be produced.

Appeal from Harvey district court. Opinion filed December 7, 1912. Affirmed.

*Cyrus S. Bowman, Harry C. Bowman,* and *Lawrence C. Kelley,* all of Newton, for the appellants.

*Ezra Branine,* and *Harry W. Hart,* both of Newton, for the appellee.

The opinion of the court was delivered by

SMITH, J.: On April 19, 1910, the defendant, through his attorneys, delivered to the county surveyor of Harvey county the following notice:

"To Q. P. Vaughn, County Surveyor of Harvey County, Kansas:

"I, A. L. Egy, owner of the North-west Quarter of Section No. Thirty (30), Township No. Twenty-two (22) South, Range No. One (1) East, in Highland Township, hereby notify and request you to make an official survey, as is by law in such cases made and provided, of Section No. Thirty (30), Township No. Twenty-two (22) South, Range No. One (1) East of

the Sixth Principal Meridian in Harvey County, Kansas, and establish the east boundary line to the North-west Quarter of said Section, the same being a boundary line between the North-west Quarter and the North-east Quarter of said Section.

"Dated this 19th day of April, A. D. 1910.

A. L. EGY.

"By BRANINE & HART,
"His Agents and Attorneys."

On May 21, 1910, the county surveyor personally served upon each of the landowners interested in the survey the following notice:

"To (the name of each respective landowner was inserted herein in the notices served):

"You are hereby notified that I, Q. P. Vaughn, County Surveyor of Harvey County, Kansas, will on the 1st day of June, A. D. 1910, begin an official survey of Section Thirty (30), Highland Township, Township No. Twenty-two (22) South, Range No. One (1) East of the Sixth Principal Meridian, Harvey County, Kansas, and that I will establish the east boundary line of the North-west Quarter of Section No. Thirty (30), Township No. Twenty-two (22) South, Range One (1) East of the Sixth Principal Meridian, such line being boundary line between the North-west Quarter and the North-east Quarter of said Section.

"Q. P. VAUGHN,
"County Surveyor of Harvey County, Kansas."

The county surveyor proceeded, in accordance with the notice, to make a survey of section 30 on June 1, 1910, and filed his report June 10, 1910.

Roadenbaugh appealed to the district court of Harvey county. When the case was called for trial Egy and Roadenbaugh appeared, and Roadenbaugh demanded a jury trial, which was refused by the court. Roadenbaugh thereupon contended that the burden to sustain the report was upon Egy, and Egy contended that it was upon Roadenbaugh to impeach the report. The latter contention was sustained by the court. Thereupon Roadenbaugh moved the court for an order rejecting and setting aside the report of the survey,

which motion the court overruled, and Roadenbaugh offered his evidence. Egy filed a demurrer thereto, which was overruled. The case was submitted to the court, no further evidence being offered. The court found that the northeast corner stone of the section had been placed by the county surveyor three feet too far east and the stone marking the quarter corner between the northwest quarter and the northeast quarter had been moved thirty inches too far east, and ordered the surveyor to replace the stones as indicated and file his report, and the case was continued.

Thereafter the orders of the court were complied with and the report of the surveyor was approved and confirmed. Roadenbaugh having died in the meantime, his administrators were substituted and appealed the case to this court.

On the trial Roadenbaugh offered in evidence, the affidavits of four men named Beery, Sharp, Hengst, and Livingstone, to the effect that in the year 1871 they, respectively, homesteaded the four eighty-acre tracts of land which constitute the north half of section 30, and that each one proved up and consummated his title to the land, and has since sold the same; that while they all held the lands they had the same surveyed by a surveyor named Brown; that they accepted the lines as established by him and agreed that the same should be the true and correct division and boundary lines, and that pursuant to this arrangement they set out hedge fences on the boundary lines between their respective tracts and agreed that such hedgerows should constitute the boundary lines between such tracts. Objection being made to the competency of the evidence, the objection was sustained.

The only line determined in this case is the line running from the quarter corner on the north line to the center corner in the middle of the section.

If the first settlers of the two tracts of land in question made an agreement as to the boundary line between

the tracts, and marked the same by a hedgerow, and the lands have ever since been farmed and possessed in accordance with such boundary, these facts may have changed the ownership of a strip of land along the boundary between the two quarter sections, but such alleged agreement and use can not change the quarter-section line between the two quarter sections of land. In the case of *In re Martin's Appeal,* 86 Kan. 336, 120 Pac. 545, it was said:

"It is the duty of a county surveyor, notified under the statute (Gen. Stat. 1909, § 2272) to survey land and establish its corners and boundaries, to proceed according to the statutory rules." (Syl. ¶ 1.)

The statutory rules include the taking of evidence of witnesses. (Gen. Stat. 1909, § 2274.) Under section 2272, *supra,* a surveyor might be called upon to survey a number of contiguous tracts of land of irregular shapes owned or occupied by different persons and no one tract of which came to a government corner or was bounded by a section line or section subdivision line. In any such or a similar case it would be utterly futile for the surveyor to attempt to survey without consulting deeds and taking such other evidence as should be produced to determine the location and boundary of the several tracts. The same class of evidence would, of course, be pertinent on trial in the district court. (Gen. Stat. 1909, § 2274; *Reinert v. Brunt,* 42 Kan. 43, 21 Pac. 807.)

Much of the discussion in the briefs seems irrelevant to the real question in issue. It will be observed that the call for the survey in this case is not strictly under section 2272, *supra,* in that the surveyor is not required to establish the corners or boundaries of any tract or tracts of land owned by either of the parties to this action, but was to establish the boundary line between the northwest quarter and the northeast quarter of section 30.

Also, in his notice to the landowners interested, the

surveyor stated, "I will establish the east boundary line of the North-west Quarter of Section No. Thirty (30), . . . such line being boundary line between the North-west Quarter and the North-east Quarter of said Section," and not that he will establish the boundary line between the farms of A. L. Egy and J. Roadenbaugh.

The contention of the plaintiffs, as we understand it, is that the true boundary line between their land and the land of the defendant is not necessarily the boundary line between the northwest quarter and the northeast quarter of the section, but is a line agreed upon in 1871 by the original homesteaders of the two eighty-acre tracts of land, which line was identified by the planting of a hedge thereon, and has ever since been observed.

It is true that some expressions in the plaintiffs' brief indicate that it is their contention that the hedgerow line is the true line between the two quarter sections, but it is evidently their contention that, whether this be true or not, the hedgerow is the true division line between the respective farms by virtue of the alleged agreement in 1871 and subsequent occupancy. It does not appear, nor is it seriously contended, that the surveyor or the court erred in determining the true division line between the northwest quarter and the northeast quarter of section 30. As was said in *Swarz v. Ramala,* 63 Kan. 633, 637, 66 Pac. 649, and quoted with approval in *Edwards v. Fleming,* 83 Kan. 653, 112 Pac. 836, "Adverse possession may change the title to real property, but it can not change the location of a quarter-section line." (p. 664.)

In this case the surveyor was called upon simply to locate the boundary line between two quarter sections of land, and his report shows that no evidence, other than such as was obtained from established section and quarter-section corners found in the locality, was necessary to locate such line, and it is not even contended

that he erred in the location thereof otherwise than in the mistake corrected by the court, or that the court erred in correcting and approving the survey, except that it is contended that the hedge line referred to, and not necessarily the quarter-section line, constituted the boundary between the farms of the litigants. This question was not determined by the survey or the judgment of the court but may be determined in a suitable action for that purpose.

The questions presented in the specifications of error have not been discussed in formal order but are substantially answered, except the refusal of a jury trial. While the decision in a survey case may affect the title to a tract of land, it does not adjudicate the title. It is not a case in which a jury trial is a guaranteed right but is a statutory proceeding. (*Swarz v. Ramala,* supra.)

The judgment of the district court is affirmed.