No. 19,363.

D. N. TERRELL AND JOSEPH KYTE, *Appellees*, V. A. J. CHESSMORE, *Appellant*.

SYLLABUS BY THE COURT.

BOUNDARIES AND SURVEYS—*Findings Sustained by the Evidence —Survey Properly Made—True Lines and Corners Established—Survey Approved.*   Findings of fact and a judgment based thereon approving the report of a surveyor appointed by the court to establish certain corners and boundaries examined and held:

1. The material findings are sustained by sufficient evidence.

2. The survey was sufficiently extended and was made according to the approved method.

3. The survey merely established true lines and corners and does not affect the location of an independent agreed boundary or ownership or possession depending upon a valid boundary agreement.

4. The dissatisfaction of parties who are adversely interested with the result of the survey does not affect its validity.

5. A trial by jury was properly denied.

Appeal from Rawlins district court; WILLIAM S. LANGMADE, judge. Opinion filed March 6, 1915. Affirmed.

*Dempster Scott,* of Atwood, for the appellant.

*J. F. Fultz,* of Beaver City, Neb., for the appellees.

The opinion of the court was delivered by

BURCH, J.: The appeal was taken from the judgment of the district court approving a survey. The chief subject of controversy is the location of the corner common to sections 25, 26, 35, and 36, township 2, south, range 33, west, in Rawlins county.

There is no government stone at the corner in controversy, no direct evidence of any one having seen such a stone in the vicinity, and the field notes of the government survey describe the corner as being south and east of the water in Beaver Creek, an impossible location. In 1889, the corner was established by the then county surveyor, Lovejoy. The record of this survey was destroyed by fire in 1905. The manner in which Lovejoy marked the corner, whether by stone or by stake, can not now be definitely determined, and the mark, whatever its nature, has disappeared. In August, 1912, proceedings were duly instituted resulting in a survey by the county surveyor, Nickols. His report was set aside and the district court appointed F. E. Foote, county surveyor of Norton county, to make the survey. When Foote's report came in issues were framed regarding its validity, which were duly tried. The evidence consisted of the government field notes, oral evidence relating to the Lovejoy survey, the report of the Nickols survey, and the testimony of a large number of witnesses. The judge of the district

court personally viewed the district affected by the survey. The conclusions of the court were set forth in elaborate findings upon which judgment was rendered as stated.

Complaint is made that certain findings are not in harmony with the evidence. Some of the objections are of no consequence, as, for example, whether or not section 26 was included in the Lovejoy survey. Some other objections depend upon the oral testimony of witnesses which the court expressly states was not satisfactory. While the findings of fact extend to items of evidence, those which are material are well sustained by the evidence and by the results of the court's view of the premises, which are stated in the findings.

It is said the survey should have been set aside because the principal parties adversely interested so desired. It seems the owner of the west one-half of section 25 and the west one-half of section 36 contends the corner was established too far east of the true location, while the owner of the southeast quarter of section 26 and the northeast quarter of section 35 contends the corner should have been located still further towards the east. If a correct result were reached the dissatisfaction of the parties to the proceedings is not ground for reversal.

It is said the Foote survey did not take into consideration all known original corners. None of the known original corners which were not utilized were material to the survey. Thus, the corner common to sections 35 and 36 on the township line south of them need not be considered because there is no contention that the disputed corner was established too far north or too far south. The northeast corner of section 25 need not be considered because the survey recognized the known corner common to sections 23, 24, 25, and 26. The southeast corner of section 36 need not be considered because the known northeast corner of that section was utilized. Besides the known corners that

have been mentioned, the corner common to sections 26, 27, 34, and 35, established by a previous survey, and not disputed, and the quarter corner on the line between sections 25 and 36, probably recognized by Lovejoy and marked by the original government monument, were utilized. Very clearly it was not necessary to extend the survey further.

It is said that the surveyor failed to take the testimony of some witnesses regarding certain matters. Apparently the testimony of all available witnesses was taken by the court, and upon judicial consideration was found to be insufficient to affect the validity of the surveyor's report.

It is said that the survey disregarded improvements, indicating established boundaries, and boundaries long recognized and acquiesced in. This subject was fully disposed of by the ninth finding of fact, which need not be printed here.

It is said that the survey disturbs a boundary agreed upon by the respective owners of the west halves of sections 25 and 36, and the east halves of sections 26 and 35, upon which fences have been built marking the limits of ownership and possession. The survey merely established the true line. It does not affect the location of an independent agreed boundary, or ownership or possession depending upon a boundary agreement lawfully made.

The proceeding having been one to establish boundaries, and not to establish title or recover possession, a jury trial was properly denied.

The court found that the measurements given in the government field notes quite uniformly overrun. The corner established by the surveyor bears proper relation to the nearest known government and established corners. In particular, it divides the distance and apportions the shortage between the quarter corner established and not contested on the line between sections 25 and 36, and an established and recognized quarter corner on the line between sec-

Mortgage Co. v. Winters.

tions 26 and 35. The methods of the surveyor conformed to proper standards and his report is consistent on its face. The report is impeached by nothing more substantial than the oral testimony of witnesses, the probative force of which the district court has estimated. So far as this court can determine, the judgment of the district court is correct and just, and consequently it is affirmed.