No. 20,120.

W. F. MILLER and PERRY A. MILLER, *Appellants*, v. GEORGE B. MOORE, *Appellee*.

### SYLLABUS BY THE COURT.

BOUNDARIES—*Ascertainment—Evidence—Statutory Survey*. In a statutory survey the location of the line dividing two quarters of a section so as to make their areas unequal is not justified merely by evidence that the adjoining owners had long acquiesced therein, where such acquiescence was due to an agreement between them to regard as the true line one that had been pointed out to them as such by a county surveyor, no showing being made as to the source of his information on the subject.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed July 8, 1916. Reversed.

*S. C. Bloss*, of Winfield, for the appellants.

*J. A. McDermott*, of Winfield, for the appellee.

The opinion of the court was delivered by

MASON, J.: A survey was asked and made for the purpose of establishing the corners and lines of a section. The only present controversy relates to the position of the line between the northeast and the southeast quarters. The surveyor placed it some distance north of a line that would evenly divide the east half of the section, locating the east quarter corner 190 links north of the middle of the east line of the section, this location being fixed with reference to an old hedgerow. The owner of the northeast quarter appealed from the survey, contending that the two east quarters should have been made of equal area. The district court approved the report of the surveyor, and the appellant appeals from the judgment.

The case turns upon the effect of an affidavit received by the surveyor concerning a transaction had some thirty years before between the then respective owners of the two tracts affected. The appellants maintain that the affidavit related only to an agreement as to the boundary line to which the title of each owner should be deemed to extend, and therefore under prior decisions of this court was not competent evidence,

Miller v. Moore.

because it had no bearing upon the question under investigation, which was the place at which the division line had been located by the government survey. (*Roadenbaugh v. Egy*, 88 Kan. 341, 128 Pac. 381; *Terrell v. Chessmore*, 94 Kan. 611, 614, 146 Pac. 1152.) The appellee, however, contends that while the affidavit included matter relating to the making of an agreement between the adjoining owners, it also showed independent facts which were competent evidence of the original location of the line, namely, declarations of its position made by occupants of the land, and long acquiescence by them in the location so indicated. The affidavit was made by the grantee of the southeast quarter under the government patent, who died prior to the trial. It says of himself and J. H. Whitaker, the patentee of the northeast quarter:

"They met by agreement on the half section line dividing their two quarters, for the purpose of locating the line and for the further purpose of planting a hedge for a fence between them. That at said meeting, the exact date being so long ago is to this affiant unknown, but more than thirty years ago, and by agreement between the said Whitaker and this affiant they had the County Surveyor to locate this east and west line between the two respective quarters; that they then and there agreed as to where the line was and by agreement this affiant used his team and broke the land for the hedge-row. . . . That the said division line as then and there agreed upon between the said Whitaker and this affiant, the then owners of the quarters as above described, the line as given them by the county surveyor and as ever since recognized as the line dividing the two said quarter sections, was about three feet south of and parallel with the hedge-row that was placed out by agreement between the said Whitaker and this affiant."

The appellee invokes the principle by which the rule against hearsay evidence is so far relaxed as to admit declarations concerning even private boundaries made in certain circumstances by persons since deceased. (2 Jones on Evidence, 2d ed., § 304; 2 Wigmore on Evidence, § 1565; 5 Cyc. 956-958; 4 A. & E. Encycl. of L. 850, 851; 4 R. C. L. 122-124.) Such declarations, however, are scanned with care and received with caution, and admitted only where the declarants are shown to have had means of knowledge on the subject. Here it affirmatively appears that the landowners relied merely upon the statement made by the county surveyor. Even if that officer had been shown to be dead, his declaration as to the location of the line

35—98 KAN.

would not have been competent without a further showing as to his means of knowledge. (Note, 15 Ann. Cas. 874.)

The acquiescence of the adjoining owners in the line marked by the hedge was obviously based upon their agreement, and therefore affords no independent evidence that it corresponded with the government survey. Nor can a recognition thus specifically based upon the agreement be regarded as the equivalent of general reputation or tradition.

The appellants contend that the dividing line between the two quarters should be located just half way between the north and south lines of the section, because there is no evidence that the original survey placed it elsewhere. The appellee argues that this contention proceeds on the erroneous assumption that the position of the section corners is definitely known, whereas they were located by prior surveys, which, under the decision in *In re Martin's Appeal*, 86 Kan. 336, 120 Pac. 545, are not conclusive here, since the request on which these proceedings are based called for a survey of the entire section. Whether or not the section corners were correctly located by the prior surveys, the same locations have been adopted in the present survey, and as they are not attacked, must be deemed conclusive in this proceeding.

It clearly appears that the position of the line in controversy was determined solely by the affidavit referred to. No question of the conflict of oral evidence is involved, and the decision of the trial court is therefore open to review. This court is of the opinion that the affidavit has no greater effect than if it had merely set out that a former county surveyor had told the owners where the line ran, and that they had then agreed to abide by his statement; and that this would not be competent evidence of the true location, in the absence of anything to show upon what information he had acted.

The judgment is reversed with directions to modify the surveyor's report by placing the dividing line midway between the north and south lines of the section.