No. 24,407.

THE STATE OF KANSAS, *Appellee,* v. ROBERT LEE, *Appellant,* (LYMAN BUCK and FRANK WAGNER, *Appellees*).

### SYLLABUS BY THE COURT.

1. LIQUOR NUISANCE—*Confiscation of Automobile—Not a Jury Case.* The constitutional guaranty that the right of trial by jury shall be inviolate has no application to a summary proceeding under chapter 217 of the Laws of 1919 to condemn and forfeit an automobile as a common nuisance.

2. SAME—*Finding and Judgment Sustained by Evidence.* The evidence examined and found sufficient to sustain a judgment based on a finding of the trial court that the automobile in question was a common nuisance.

3. SAME—*Automobile Released on Forthcoming Bond Pending Appeal.* An automobile charged with being a common nuisance may be released pending appeal on giving a sufficient bond as provided by section 5 of chapter 217 of the Laws of 1919.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed May 12, 1923. Affirmed.

*E. L. Burton,* of Parsons, for the appellant.

*C. B. Griffith,* attorney-general, *Payne H. Ratner,* county attorney, and *C. J. Taylor,* of Parsons, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: Defendant's automobile was condemned and forfeited as a nuisance under chapter 217 of the Laws of 1919. He appeals. The complaint in the justice court was as follows:

"That on or about the 5th day of September A. D. 1921, in the county of Labette and the State of Kansas, the above named defendant, . . . Robert Lee . . . willfully and unlawfully, did use one Ford Sedan automobile . . . in the transportation and carrying of intoxicating liquors from one place to another in said county and state, and the said defendant did then and there use and maintain said automobile as a common nuisance in the manner above set forth, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Kansas."

To this complaint the defendant answered alleging ownership of the car; denied that it had been used in the transportation of liquor from place to place in Labette county, Kansas; denied that it was used as a nuisance; and denied generally the allegations of the complaint.

The defendant contends that the court erred in refusing his appli-

cation for a jury trial; in rendering judgment in favor of the state and against the defendant; in overruling the motion for a new trial, and in taxing costs for storage of the car after the filing of an appeal bond in justice court.

1. Section 1 of chapter 217 of the Laws of 1919, under which this proceeding was had, reads as follows:

"All automobiles, vehicles and other property used in the transportation or carrying of intoxicating liquors into this state or in carrying and transporting intoxicating liquors from one place to another within this state are hereby declared to be common nuisances."

Section 2 provides for the filing of a complaint or information charging a common nuisance; that a warrant shall issue authorizing and directing the officer to arrest the person described in the complaint or information, and describing the automobile in which the liquor is transported, and to seize and take the automobile into possession to be kept, subject to the order of the court.

Section 3 provides that "a trial shall be had in a summary manner before the court of the allegations of the complaint or information against the property seized."

Section 4 provides, "If the court shall find that such vehicles, automobiles or other property or any part thereof were at the time a common nuisance, as defined in section No. 1, it shall adjudge forfeited so much thereof as the court shall find was such common nuisance, and shall order the officer in whose custody it is to sell the same publicly." It also provides, "All intoxicating liquors found in such vehicles, automobiles of [or] other property seized, together with the bottles, jugs and vessels containing the same, shall, by the court be ordered destroyed in the same manner and upon like finding as provided in section 5513 of the General Statutes of 1915."

Section 5 provides that, "Either the state or any defendant or other person claiming the property seized, or any interest therein, may appeal . . . any claimant of such property who appeals, in order to stay proceedings, must enter into an undertaking with two or more sureties, to the state of Kansas, to be approved by the trial court or the clerk thereof, in the sum of not less than one hundred dollars ($100) nor less than double the amount of the value of said property as fixed by the court and the costs adjudged against said property, . . ."

The complaint charges that the automobile in question was used in transporting and carrying intoxicating liquor from one place to

another in Labette county, and was in such manner being maintained as a common nuisance. The defendant complains that his constitutional rights were violated by denying him a trial by jury; that "section 3 of chapter 217, which provides 'trial shall be had in a summary manner before the court' is in violation of section 5 of the bill of rights."

This was a special statutory proceeding (Gen. Stat. 1915, § 6895; *Lanning v. Gay,* 70 Kan. 353, 78 Pac. 810; 1 Cyc. 720; 1 C. J. 1010.) It was a proceeding *in rem.* (*The State v. McManus,* 65 Kan. 720, 725, 70 Pac. 700; *Origet v. U. S.,* 125 U. S. 240.) The constitutional guaranty that the right of trial by jury shall be inviolate, has no application to proceedings of this character and does not extend beyond where such right existed at the common law, but only applies to cases that were triable by jury before the constitution was adopted. (*Kimball and others v. Connor, Stark and others,* 3 Kan. 414; *The State v. Cutler,* 13 Kan. 131; *In re Burrows, Petitioner,* 33 Kan. 675, 7 Pac. 148; *The State, ex rel., v. Durein,* 46 Kan. 695, 27 Pac. 148; *Swarz v. Ramala,* 63 Kan. 633, 66 Pac. 649; *Cowdery v. The State,* 71 Kan. 450, 80 Pac. 953; *Tatlow v. Bacon,* 101 Kan. 26, 165 Pac. 835; *Epp v. Hinton,* 102 Kan. 435, 170 Pac. 987.)

In *Swarz v. Ramala,* supra, it was said that, "In chancery and in statutory proceedings the legislature has ample power to dispense with trial by jury."

In *Ex-parte Keeler,* 45 S. C. 537, 31 L. R. A. 678, it was said:

"The authorities sustain the following propositions of law: First, that the legislature has the power to declare places where liquor is sold contrary to law to be common nuisances, and to provide for their abatement. *Mugler v. Kansas,* 123 U. S. 623 [31 L. ed. 250]; *Kidd v. Pearson,* 128 U. S. 1 [32 L. ed. 346]; *Lawton v. Steele,* 152 U. S. 133 [38 L. ed. 385]. Second, that the legislature has the right to provide remedies, summary in their nature, to prevent and abate such nuisances. Third, that these summary remedies are not rendered unconstitutional by reason of the fact that they deprive the defendant of those rights, under the constitution to which ordinarily he is entitled. . . . The defendant is, therefore, not entitled to invoke the provisions of the constitution as to the right of trial by jury in a case of this nature." (pp. 542, 543.)

In the case of *Eilenbecker v. Plymouth County,* 134 U. S. 31, 33 L. ed. 801, Mr. Justice Miller, for the court, said:

"If the objection to the statute is that it authorizes a proceeding in the nature of a suit in equity to suppress the manufacture and sale of intoxicating liquors which are by law prohibited, and to abate the nuisance which the statute declares such acts to be, wherever carried on, we respond that, so far as at present advised, it appears to us that all the powers of a court, whether

The State v. Lee.

at common law or in chancery, may be called into operation by a legislative body, for the purpose of suppressing this objectionable traffic; and we know of no hindrance in the constitution of the United States to the form of proceedings, or to the court in which this remedy shall be had." (p. 40.)

Mr. Justice Brown, speaking for the court in *Lawton v. Steele,* 152 U. S. 133, 38 L. ed. 385, said:

"It [the police power] is universally conceded to include everything essential to the public safety, health, and morals, and to justify the destruction or abatement, by summary proceedings, of whatever may be regarded as a public nuisance. Under this power it has been held that the state may order . . . the prohibition of gambling houses and places where intoxicating liquors are sold. Beyond this, however, the state may interfere wherever the public interests demand it, and in this particular a large discretion is necessarily vested in the legislature to determine, not only what the interests of the public require, but what measures are necessary for the protection of such interests." (p. 136. See, also, 20 R. C. L. 485; *State v. Saunders,* 66 N. H. 39; 18 L. R. A. 646.)

In *Mugler v. Kansas,* 123 U. S. 623, it was said:

"As to the objection that the statute makes no provision for a jury trial in cases like this one, it is sufficient to say that such a mode of trial is not required in suits in equity, brought to abate a public nuisance." (p. 673.)

In *Lawton v. Steele,* supra, it was said:

"The summary abatement of nuisances without judicial process or proceeding was well known to the common law long prior to the adoption of the constitution, and it has never been supposed that the constitutional provision in question in this case was intended to interfere with the established principles in that regard." (p. 142.)

The defendant urges, "But where the forfeiture is attempted where the property, whose ordinary use is legal, but where use for an illegal purpose subjects it to be forfeited for such illegal use, upon the trial in question the use of the property is a common-law action and is triable by a jury."

In *Lawton v. Steele,* supra, it was said:

"It is said, however, that the nets are not in themselves a nuisance, but are perfectly lawful acts of manufacture, and are ordinarily used for a lawful purpose. This is, however, by no means a conclusive answer. Many articles, such for instance, as cards, dice, and other articles used for gambling purposes, are perfectly harmless in themselves, but may become nuisances by being put to an illegal use, and in such cases fall within the ban of the law and may be summarily destroyed. . . . The power of the legislature to declare that which is perfectly innocent in itself to be unlawful is beyond question (*People v. West,* 106 N. Y. 293), and in such case the legislature may annex to the

prohibited act all the incidents of a criminal offense, including the destruction of property denounced by it as a public nuisance." (pp. 142, 143. See, also, *Littleton v. Fritz,* 65 Iowa 488, 22 N. W. 641; *One Cadillac Automobile v. State,* 75 Okla. 134; *State, ex rel., v. Wilcox,* 126 Minn. 95, 147 N. W. 953; 5 A. L. R. 1449.)

2. The defendant contends that there was not sufficient evidence to sustain the finding of the trial court that the car was used in transporting liquor.

It appears from the testimony that the defendant with other parties, knowing the whereabouts of certain liquor, drove the automobile to the designated place for the purpose of procuring it; that the officers approached about the time, or shortly after, the liquor was put in the car. There was testimony to the effect that after the liquor reached the car the car turned around, and while the evidence was conflicting, there was sufficient to sustain the finding of the trial court. There appears no sufficient reason to disturb the finding.

3. The defendant assigns, as error, the taxing of storage charges for the car as costs. After the trial in justice court, defendant tendered an appeal bond, but the justice refused to release the car. It was, however, released after the appeal reached the district court. It was undoubtedly the intention of the legislature, in enacting section 5 of chapter 217 of the Laws of 1919, to provide for the release of an automobile charged with being a nuisance, pending an appeal, upon the giving of the bond therein provided. The record, however, in this case fails to state the amount of the claimed charge, and shows no motion to retax costs, and, inasmuch as the car was released by the district court on the giving of sufficient bond, there appears no error on which to predicate a reversal. The judgment is affirmed.