No. 26,051.

THE GREAT WESTERN PETROLEUM CORPORATION (Charles B. Aves as Receiver), *Appellant*, v. JUDSON W. ALLEN et al. (THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY), *Appellees*.

#### SYLLABUS BY THE COURT.

1. BOUNDARIES—*Establishment by Survey—Necessity for Notice*. A survey of a boundary line is not binding upon an interested party who was not given notice of the survey and did not voluntarily appear and participate in it.

2. SAME—*Survey—Appeal as Waiver of Lack of Notice*. An attempt to appeal from the survey long after the statutory time fixed for taking an appeal therefrom is an absolute nullity and cannot be regarded as a waiver of the lack of notice of the survey.

Appeal from Marion district court; CASSIUS M. CLARK, judge. Opinion filed December 5, 1925. Affirmed.

*Stanley W. Howe*, of Florence, for the appellant.

*William R. Smith, Owen J. Wood, Alfred A. Scott, Alfred G. Armstrong*, all of Topeka, and *Roscoe King*, of Marion, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to quiet title to a narrow strip of land claimed by the Great Western Petroleum Company, through its receiver, and the defendant, The Atchison, Topeka & Santa Fe Railway Company. Plaintiff held deeds to a tract of land adjoining the right of way and yards of the railway company. That company acquired the land many years ago, caused a survey of it to be made and placed iron markings on the boundary line in question. Plaintiff claimed that the boundary line between the lands owned by the parties was about one hundred and fifty (150) feet west of that marked out by the railway company. In 1921 plaintiff obtained a lease of the disputed tract from the railroad company, with a recital, however, that the taking of the lease should not be regarded as a waiver of plaintiff's deed to the tract. Plaintiff's claim is based mainly on a survey made by the county engineer, a report of which was filed by him in his office. While the report recited that the survey had been made with notice, there was testimony to the effect that a legal notice had not been given to the railway company, and the defendants did not show that such a notice had been given.

1. Boundaries, 9 C. J. § 258.  2. Id., 9 C. J. § 264.

A survey without notice would, of course, be without effect, but plaintiff insists that this defect was waived and cured by the effort of the railway company to appeal from the survey. Some one acting for the railroad company filed a bond and notice of appeal, but these steps were not taken until long after the right of appeal had expired. Subsequently the court upon motion held that the appeal was invalid and dismissed the proceeding.

. Did the attempt to appeal operate to waive the failure to give notice of the survey? The attempt was utterly futile and the papers presented without legal significance. An appeal from a survey can only be taken within thirty days from the filing of the report (R. S. 19-1426), and as the right of appeal is given by statute it must be taken, if at all, within the time prescribed in the statute. The attempt to take an appeal was long after this period, and in consequence the steps taken were no more effective than if the papers prepared had been filed ten years later or if they had been filed with the road overseer. The court had no power at that time to take cognizance of them or to do more than to rid the record of the nullities. The steps taken, being void, cannot be regarded as a waiver of notice of the survey or as giving life and validity to a void survey. There would be some ground for the plaintiff's contention and the principles he invokes if the defendant without notice of the proposed survey had voluntarily appeared and participated in it. If the attempt to appeal had been taken within the statutory time, the party appealing would not have been concluded as to the absence of notice. Such a party could have urged any legal objection to the survey made, including the vital one that notice was not given and that there was no voluntary appearance of the interested party at the survey. On such an appeal the court may consider any legal objections to the survey and among other things set aside the action and report of the surveyor and direct that another survey be made. (*Washington v. Richards*, 78 Kan. 114, 96 Pac. 32.) The attempted appeal, however, must be regarded as an absolute nullity which did not waive or cure the defect in the survey resulting from the lack of notice.

Quite a number of objections were made by appellant to rulings on the admission of evidence, but in the consideration of all of them we do not find anything substantial or which would afford grounds for reversal.

The judgment is affirmed.