THE BADGER MINING & MILLING COMPANY V.
S. J. ELLIS et ux.

No. 15,220.   (92 Pac. 1114.)

SYLLABUS BY THE COURT.

EVIDENCE—*Burden of Proof.* The rule announced in the case of *McCormick v. Holmes,* 41 Kan. 265, 21 Pac. 108, that it becomes immaterial upon whom the burden of proof rests when all the evidence concerning the transaction inquired into is introduced, applied in an action by a landowner to quiet title against a forfeited oil lease.

Error from Cherokee district court; WILLIAM B. GLASSE, judge. Opinion filed December 7, 1907. Affirmed.

*S. C. Westcott,* and *Tracewell & Moore,* for plaintiff in error.

*Edward E. Sapp,* for defendants in error.

The opinion of the court was delivered by

BURCH, J.: In this case it is claimed the district court erred in placing the burden of proof upon the defendant and in sustaining a demurrer to his evidence.

The action was brought by a landowner to quiet title against an oil lease which it was claimed had been forfeited. Instead of being in the short statutory form

the petition stated all the facts. The answer set up an affirmative defense, which was denied by the reply.

The trial was by the court, without a jury. The evidence introduced by the defendant extended to every fact in controversy. It covered fully the question of possession, the conduct of each party under the lease, all the transactions between the parties, and all the circumstances pertinent to their relations. Therefore the case is governed by the decision in *McCormick v. Holmes,* 41 Kan. 265, 21 Pac. 108, the third paragraph of the syllabus of which reads: "It becomes immaterial upon whom the burden of proof rests when all the evidence concerning the transaction inquired into is introduced."

The demurrer to the evidence was rightfully sustained. The oral agreement whereby for a consideration paid monthly in cash the defendant was permitted to discontinue the development of the property for a time was terminated by the defendant's resuming work in 1901. The agreement never was renewed, and under the terms of the lease a cessation of work for more than ten days in any month put an end to the defendant's rights. The check of $20 on October 22, 1904, was not given under any contract for the suspension of operations, and could not save a forfeiture. If it were to be allowed the effect of authorizing a delay of two months the lease was still subject to cancelation on account of its breach after the lapse of that time. None of the excuses offered for the defendant's dilatory conduct was sufficient to justify it.

The judgment of the district court is affirmed.