No. 19,579.

THE GERMAN AMERICAN STATE BANK, *Appellant,* V. GEORGE
S. BADDERS et al. (THOMAS W. ANDREWS, *Appellee*).

### SYLLABUS BY THE COURT.

1. PLEADINGS — *Belated Amendments to Petition — Within Judicial Discretion—No Error.* Where the district court refuses to allow a belated amendment to a petition, but admits evidence on the subject matter of the proposed amendment, no reversible error can be predicated on such refusal.

2. SAME. Ordinarily it is not reversible error to sustain an objection to a motion to amend a petition although the grounds of the objection may be defective or lack precision of language.

3. SAME. Rule followed that the allowance or refusal of belated amendments to pleadings is within the sound discretion of the trial court.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed November 6, 1915. Affirmed.

*Edwin D. McKeever,* of Topeka, for the appellant.

*Otis E. Hungate,* of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action by The German American State Bank against George S. Badders as maker and Thomas W. Andrews as endorser of a promissory note made by Badders in favor of Andrews, and endorsed by Andrews and sold by him to the plaintiff before maturity. A copy of the note was attached to the petition, and it was alleged that the following words, "Presentation, demand, protest and notice of protest waived," preceded the signature of Andrews at the time of his endorsement. Defendant Andrews pleaded that no such recital was on the note when he endorsed it. In answer to a special question the jury found that Andrews' contention on this issue was true.

Plaintiff's petition in part reads:

"Further complaining, plaintiff says that said note is now long past due and unpaid; that demand has been made upon said defendant, George S. Badders, and upon the defendant, Thomas W. Andrews, for the payment of the same, and said parties and each of them have wholly failed and refused to pay said note."

Part of defendant's answer reads:

"Further answering, defendant alleges that said note by its terms became due and payable on November 25, 1911, and that on said date and at all times thereafter plaintiff was the owner and holder of the same, and that on said November 25, 1911, and at all times since said date, plaintiff has failed and neglected to legally present said note to George S. Badders for payment, and at said time and at all times thereafter has failed and neglected to demand payment of said defendant George S. Badders, and on said 25th day of November, 1911, and at all times thereafter plaintiff has failed and neglected to give to this defendant any legal notice of the dishonor and nonpayment of said note by said defendant George S. Badders, and on November 25, 1911, and at all times thereafter said plaintiff has failed and neglected to legally protest said note for nonpayment and to give any notice of any protest to the defendant Thomas W. Andrews."

This action was filed in the district court on May 6, 1912. An amended petition was filed January 15, 1913. The answer was amended and a reply to the amended answer was filed May 1, 1913. The answer was refiled February 23, 1914. We note these details because of the court's refusal to permit another amendment to plaintiff's petition on February 24, 1914, which was the day of the trial. The proposed amendment reads:

"That at the time said defendant, Thomas W. Andrews, endorsed said note he informed the plaintiff he was about to leave for California for an indefinite length of time, and that said defendant did immediately leave for California, but that said defendant never told plaintiff he was leaving for California to establish his residence, whereas the said defendant, Thomas W. Andrews, then and there left Kansas to make a permanent residence in the state of California; that when said defendant, Andrews, left Kansas at said time and before the maturity of said note, he did not leave with the plaintiff his address in California and never thereafter sent or notified the plaintiff of his address; that as soon as the defendant, Badders, upon presentment, failed to pay said note, plaintiff diligently sought to locate the whereabouts of said Andrews in California, and was unable to do so until about the eighteenth of December, 1911, when said plaintiff duly notified said defendant, Andrews, of the nonpayment of said note by defendant, Badders, by letter then and there deposited in the United States mails at Topeka, Kansas, and addressed to said Thomas W. Andrews at what the plaintiff was informed was his residence in the city of Los Angeles, California; that by due diligence said plaintiff was unable to locate the residence of said defendant, Thomas W. Andrews, until said date; that said plaintiff exercised all reasonable diligence in attempting to locate said defendant, Andrews, and that the delay of notice of dishonor was caused by cir-

cumstances beyond its control, and not imputable to his fault, misconduct of negligence; that at the time said note was dishonored it learned for the first time that said defendant, Thomas W. Andrews, had removed his permanent residence to the state of California, but was unable to learn his exact address until the eighteenth day of December, 1911, when said notice was mailed to him."

Aside from the one special finding on the question of the existence of the recitals of waiver on the note at the time Andrews endorsed it, the verdict was a general finding for defendant.

The bank appeals on the following assignment of errors:

"1. The court erred in denying the plaintiff the right to amend its petition, whereby plaintiff sought to show an effort to serve notice of the default in the payment of said note by Badders, the exact residence of the endorser being unknown.

"2. The court erred in holding that the facts in the proposed amended petition did not constitute a cause of action in favor of the plaintiff and against the defendant, Thomas W. Andrews.

"3. Abuse of discretion in denying the plaintiff the amendment of its petition after allowing an amendment the day before by the defendant, Thomas W. Andrews, raising a new issue in defendant's answer."

1. Touching the first error assigned, the abstract and counter-abstract show that the trial court did permit the introduction of evidence on the matters alleged in the proposed amendment; in other words, the record shows that the court treated the amendment as made. The president and vice-president of the bank testified as to their efforts to locate and notify Andrews in California and as to their misunderstanding that he resided in Rossville, Kan. Andrews was cross-examined on the same subject; and we must hold that this assignment does not approach any serious error.

2. On the second assignment, it may be conceded that the objection offered to the proposed amendment, "that the facts stated therein do not constitute a cause of action," was hardly the precise objection to make. The amendment did not profess in itself to be a cause of action; it was merely some precautionary recitals to perfect a cause of action already pleaded, but whatever the ground of the objection, the ruling was not prejudicial since the court permitted evidence on the subject-matter of the proposed amendment, and the issue thus raised was submitted to the jury and covered by the court's instructions.

3. Was there an abuse of the court's discretion in refusing to allow the amendment proposed on the day of the trial? It will be noted that the court treated the amendment as made by permitting evidence on the matters set out in the proposed amendment. The want of notice of the maker's default had been pleaded many months before the trial. Moreover, plaintiff had pleaded demand upon both Badders and Andrews, and that issue had been traversed long before the trial. By that issue plaintiff was fully apprised that the liability of Andrews would turn on the question of notice to him or a sufficient reason for delay in notifying him of Badders' default. Plaintiff had already been permitted twice to amend its petition. The abstract reads:

Counsel for plaintiff:

"The plaintiff now offers to amend its petition in conformity with the motion filed herein—

"The Court: When the case is called for trial."

Counsel for plaintiff:

"That in pursuance of the motion to amend, by inserting paragraph four and a half. Plaintiff now offers to amend—plaintiff having examined same, now on the morning the case is ready for trial—

"The Court: Let the record state as the court says, when the case is called for trial—the case having been called for trial, the plaintiff asked to amend his petition—"

Counsel for defendant:

"That is not correct—to amend its second amended petition.

"The Court: All the court wants is for the record to state the facts."

Counsel for plaintiff:

"That is all I want, but I want them to state it correct.

"The Court: The case having been called for trial, the plaintiff asked to amend his second amended petition. Now that is the fact as I understand it."

As this court has often held, the allowance or refusal of amendments to pleadings is within the sound discretion of the trial court. (*Wands v. School District,* 19 Kan. 204; *Krouse v. Pratt,* 37 Kan. 651, 16 Pac. 103; *Insurance Co. v. Warbritton,* 66 Kan. 93, 71 Pac. 278; *Land Co. v. Rathburn,* 84 Kan. 664, 114 Pac. 862; *Benfield v. Croson,* 90 Kan. 661, 136 Pac. 262; *Alexander v. Clarkson,* 96 Kan. 174, 182, 150 Pac. 576.)

But it is said that an amendment to defendant's answer was permitted on the day before the trial, which raised a new issue,

thus putting the plaintiff at a disadvantage, and that plaintiff's proposed amendment should have been allowed on that account. This conclusion is to be inferred rather than positively urged. Defendant's amendment was merely an allegation that if the recitals of waiver were on the note when endorsed they were so dim that they could not be seen. Since the jury found that the recitals of waiver were not on the note at the time of Andrews' endorsement, this amendment was of no consequence, and furnished no reason for the belated amendment proposed by plaintiff.

We can discover no abuse of discretion on the part of the district court, nor are we able to discover any reversible error in this case. The general verdict must control, and the judgment is affirmed.