No. 20,531.

THE STATE BANK OF EUDORA, *Appellee*, V. JOHN BRECHEISEN
and URSULA BRECHEISEN, *Appellants*.

### SYLLABUS BY THE COURT.

1. CREDITOR'S BILL—*Fraudulent Conveyance—Burden of Proof.* In a trial before the court of a suit in the nature of a creditor's bill, the pleadings and admissions of defendants, who were husband and wife, showed that an execution on the original judgment against the husband had been returned unsatisfied, that shortly before the commencement of the action in which the judgment was rendered he executed and delivered to his wife a bill of sale for his personal property valued at $2800, and a warranty deed for 110 acres of valuable farm lands, retaining another farm which was the homestead, and that the consideration stated in each conveyance was one dollar and love and affection. *Held*, in the absence of any showing that defendants were prejudiced by the ruling or that they had a real defense to the action, it was not material error to rule that the burden rested upon them to explain the transaction.

2. PLEADINGS—*Amendment—Judicial Discretion.* Upon the facts stated in the opinion there was no abuse of discretion in the refusal to permit the filing of an amended answer.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed May 6, 1916. Affirmed.

*John J. Riling*, and *Edward T. Riling*, both of Lawrence, for the appellants.

*John Q. A. Norton*, and *Walter G. Thiele*, both of Lawrence, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This is a suit in the nature of a creditor's bill. Plaintiff recovered and defendants appeal.

On January 29, 1914, plaintiff recovered a judgment in the district court against John Brecheisen for $3657.92 on three promissory notes. On appeal the judgment was affirmed. (*Bank v. Brecheisen*, 96 Kan. 292, 150 Pac. 521.) The petition in this case, after reciting the judgment, alleged that on March 24, 1914, an execution on the judgment was returned unsatisfied; that sometime prior thereto John Brecheisen was

the owner of certain real estate in Douglas county, consisting
of a farm in addition to the other lands occupied by him as his
homestead, and was also the owner of a large amount of per-
sonal property. It alleged that on January 3, 1914, shortly
before the commencement of the action in which judgment
was rendered against him, he executed and delivered to his
wife, Ursula Brecheisen, the other defendant in this suit, a
pretended bill of sale of personal property aggregating in
value $2837, and on the same day executed and delivered to
her a warranty deed conveying all real estate described, other
than his homestead. There were attached to the petition, as
exhibits, copies of the bill of sale and warranty deed, which
showed that the stated consideration in each conveyance was
one dollar and love and affection. It was alleged in the peti-
tion that these instruments were executed with the express in-
tention to hinder, delay, cheat and defraud plaintiff and to
defeat collection of the judgment, and that the grantee, Ursula
Brecheisen, paid no consideration for the conveyances and
took them to assist her husband in defrauding the creditors
and defeating the collection of the judgment. The petition
prayed that the conveyances be declared fraudulent and the
property subjected to the payment of the plaintiff's judgment.

The answer of defendants admitted the rendition of the
judgment and the return of the execution unsatisfied, and de-
nied all other averments of the petition. It was verified by
John Brecheisen on behalf of himself and his wife. More than
six months later, and shortly before the time of the trial, de-
fendants applied for leave to file an amended answer. The
trial court ordered the amended answer to be prepared and
submitted on November 29, 1915, at which time the case was
called for trial. The court refused permission to file the
amended answer at that time, but stated that if there was any
evidence that seemed to justify it, permission would be granted
later. The parties then made their opening statements to the
court. The statement for defendants made a number of ad-
missions in addition to those contained in the answer. There
was an admission of the execution of the bill of sale and deed
as set out in plaintiff's petition, that the legal title was in
John Brecheisen at the time the conveyances were made, and
that he was the owner of the other property comprising his

homestead at the time the conveyances were made. The trial court held that the burden of proof was upon the defendants, and, it being admitted that John Brecheisen was indebted to a large extent and was unable to pay his debts, that an execution had been returned unsatisfied, and that the deed and bill of sale were executed and delivered conveying valuable property for an admitted consideration of one dollar and love and affection, there was a presumption that the true consideration was stated in the instruments, and therefore the burden rested upon the defendants to explain the transaction. The defendants elected to stand upon their opening statement, the pleadings and their admissions, and offered no evidence. The court then rendered judgment against the defendants upon the pleadings, the opening statements of counsel and the admissions made in open court.

But two contentions are urged by defendants. It is insisted that the trial court committed prejudicial error in refusing to permit them to file their amended answer. There is no merit in this contention. The application to amend the answer was not made until shortly before the case was called for trial and more than six months after the original answer was filed. It has been repeatedly held that the allowance or refusal of applications to file amended pleadings is within the sound discretion of the trial court. (*Bank v. Badders,* 96 Kan. 533, 536, 152 Pac. 651; *Scott v. King,* 96 Kan. 561, 565, 152 Pac. 653, and authorities cited in both opinions.) Besides, in this case the trial court stated that if the evidence warranted an amendment to the pleadings, permission would be granted later during the trial.

The main contention is, that the burden of proof rested upon the plaintiff to establish that the conveyances were made to defraud creditors, and it is urged that it was prejudicial error to impose the burden upon defendants. Technically, we suppose the plaintiff should have offered some proof that John Brecheisen did not own other property subject to execution, inasmuch as the conveyances were made some time before the rendition of the judgment against him. But it is quite manifest from the opening statement made by counsel for defendants that they were not relying upon any such defense. If they had an explanation as easily made, a defense as good as

this, it was hardly fair to the trial court to conceal it. A mere statement that they were ready to show that when the conveyances were made John Brecheisen owned other property sufficient to pay all his indebtedness would have prevented a judgment on the pleadings and statements. Although the amended answer was not permitted to be filed, it was presented to and examined by the court. It was verified by John Brecheisen for himself and for the other defendant, and it made clear that defendants were attempting to rely upon some contract alleged to have been made with the bank at the time the original notes were executed and which defendants claimed went to the consideration of the notes. These having merged in the judgment, of course a defense of this kind was not available.

It is a modern tendency of courts to attach less importance to the phrase "burden of proof" than was formerly the case, in so far as it is supposed to relate to or affect the order in which the parties shall offer their evidence upon a given issue. Much is left to the discretion of the trial court, and this is especially true where the trial is by the court. Where both parties have availed themselves of the opportunity to present all their evidence, the mere fact that the trial court required the one upon whom the burden of proof would not, according to the rules of evidence, rest, to proceed first has been held not to be error. (*McCormick v. Holmes*, 41 Kan. 265, 21 Pac. 108; *Milling Co. v. Ellis*, 76 Kan. 795, 796, 92 Pac. 1114; *Gas Co. v. Fletcher*, 81 Kan. 76, 84, 105 Pac. 34.) Of course, in every material issue of fact the burden rests upon the party who asserts the affirmative and whose case depends upon the truth of the fact, and the burden is as serious in its consequence as formerly.

The question is whether defendants shall be permitted to stand upon a technical rule respecting the order of proof in a trial before the court and thus procure a reversal of the judgment without any showing that they were prejudiced by the ruling and with no showing that they ever had any real defense to the action. In view of the pleadings, admissions and all that transpired before the court, we conclude that the court was right in holding that there was due from defendants some explanation of the transaction by which property of such

value was conveyed to the wife for a consideration stated to be one dollar and love and affection, where the property transferred obviously constituted all the property not exempt which belonged to the husband at the time he was indebted to plaintiff.

The judgment is affirmed.