No. 20,811.

CHESTER I. LONG, *Appellee*, v. THE KANSAS CITY, MEXICO & ORIENT RAILROAD COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Amendment During Trial—New Issues Presented—Judicial Discretion.* After a case has been called for trial it is within the judicial discretion of the trial court to refuse permission to amend pleadings so as to present new issues; and unless there has been an abuse of discretion a new trial will not be ordered.

2. TRIAL—*Evidence—Demurrer.* The evidence introduced by the plaintiff proved the cause of action alleged in the petition, and a demurrer to the evidence was properly overruled.

3. SAME—*Special Question for Jury.* The special question submitted by the court was within the issues raised by the pleadings, and the answer of the jury was supported by evidence. There was no error in submitting the question.

4. SAME—*Instructions.* The instructions properly submitted the issues to the jury under the pleadings and the evidence.

5. SAME—*No Variance.* There was no variance between the petition and the plaintiff's evidence.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed April 7, 1917. Affirmed.

*R. L. Holmes, C. G. Yankey, W. E. Holmes,* all of Wichita, *John A. Eaton, Dudley W. Eaton,* and *Hyden J. Eaton,* all of Kansas City, Mo., for the appellant.

*Austin M. Cowan,* of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment against it for attorney's fees.

1. The defendant contends that the trial court abused its discretion in refusing to permit an amendment of the answer. The plaintiff alleged the incorporation of the defendant and the agency of a number of persons to act for it. The answer filed consisted of a general denial not verified. At the commencement of the trial the plaintiff dismissed that part of his cause of action depending on *quantum meruit.* The defendant's counsel then examined the petition and noticed that it alleged that Arthur M. Wickwire was the duly authorized attorney and agent of the defendant, and asked leave to amend the answer by verifying it so as to put in issue the agency of Wickwire. The court denied the application, and stated:

"We will try the case; if judgment goes against you, then you can file your motion for new trial. If there is a reasonable showing made that Mr. Wickwire was not the attorney for the Orient Railroad Company so that that question should go to the jury I would be inclined to grant a new trial."

The action was tried, judgment was rendered against the defendant, and a new trial was refused. On the hearing of the motion for a new trial it was established that Wickwire was not the attorney or agent of the defendant. Under the evidence, the agency of Wickwire for the defendant was not material. This will more clearly appear from a statement of the facts established on the trial, and which are set out in another part of this opinion. The defendant's answer was filed December 21, 1915. On the day of the trial, March 30, 1916, and while a jury was being examined to try the case, the application to verify the answer was made. Even if the

verification of the answer had been material, it was within the sound discretion of the court to permit the answer to be verified at the time the application was made. (*Benfield v. Croson,* 90 Kan. 661, 136 Pac. 262; *Bank v. Badders,* 96 Kan. 533, 536, 152 Pac. 651; *Scott v. King,* 96 Kan. 561, 152 Pac. 653; *Bank v. Brecheisen,* 98 Kan. 193, 157 Pac. 259.) There was no reversible error in refusing to permit the verification of the answer.

2. At the close of the plaintiff's evidence a demurrer thereto was overruled. Of this the defendant complains. The plaintiff's evidence—the defendant did not introduce any evidence—established facts as follows: For some time previous to the 6th day of July, 1914, receivers appointed by the United States district court for the district of Kansas were operating the Kansas City, Mexico & Orient Railway. While the receivers were in control of and operating the railway a bondholders' or reorganization committee, representing the bondholders of the railway company, took charge of and perfected proceedings for the reorganization of a new railway company, which, when the property was sold, should become the purchaser and thereafter operate the road. The plaintiff was appointed attorney for the receivers within the state of Kansas, and acted in that capacity until the defendant, the reorganized company, took charge of the road, having purchased it on the 6th day of July, 1914. S. W. Moore, of Kansas City, Mo., was, from the 6th day of July, 1914, until about the 1st day of December, 1914, the general solicitor for the defendant. On November 9, 1914, Mr. Moore appointed the plaintiff district attorney for Kansas for the defendant, the appointment to take effect July 7, 1914. Under the terms of this appointment plaintiff's charges were to be reasonable; and, in case of dispute, all controversies in reference to compensation were to be determined by the general solicitor for the company, whose determination should be binding on the plaintiff and the defendant. John A. Eaton, of Kansas City, Mo., succeeded S. W. Moore as general solicitor for the defendant. The plaintiff's appointment was terminated soon after Eaton was made general solicitor. A question arose and much correspondence was had between the plaintiff and Eaton concerning the plaintiff's claim for compensation for his services.

Eaton directed the plaintiff to submit his claim to the bond-holders' committee and to Mr. Untermeyer, of New York, the attorney for the committee. Untermeyer was an attorney of the firm of Guggenheimer, Untermeyer & Marshall. The plaintiff submitted his claim to Mr. Wickwire, an attorney in the office of Guggenheimer, Untermeyer & Marshall. Wick-wire had charge of the business of the bondholders' or reor-ganization committee, and did most of the legal work for the committee. He and the plaintiff agreed on the amount that should be paid to the plaintiff by the defendant. A few days later the plaintiff told Eaton of the arrangement made with Wickwire, and asked Eaton if he would close the matter up. Eaton said that he would, and that he would present the mat-ter to the board of directors at the earliest possible oppor-tunity, so that the securities agreed on could be issued to the plaintiff. The matter then came up in court on the settlement of the accounts of the receivers and their attorneys, and the discharging of the receivers. The plaintiff had a claim for compensation for services rendered the receivers. In open court, in the presence of Eaton, the plaintiff stated that a settlement of his claim for compensation for services rendered the defendant had been made with Mr. Wickwire, and that a part of the arrangement was that the plaintiff should waive his claim for additional compensation for services rendered the receivers. The plaintiff waived that claim and Eaton made no objection nor response. The defendant refused to comply with the arrangement made with Wickwire.

Although Wickwire was not the agent or attorney for the defendant, yet the general solicitor of the defendant referred the plaintiff, for an adjustment of his claim, to the firm with which Wickwire was connected. That adjustment was made and communicated to the defendant's solicitor, who, by his words and conduct, ratified and approved it and made it the contract and arrangement of the defendant. The facts es-tablished by the evidence were those alleged in the petition and proved a cause of action against the defendant. The demurrer to the evidence was rightfully overruled.

3. The court submitted the following special question to the jury:

Dever v. Bank.

"Did the plaintiff in this action, and John A. Eaton, the general solicitor of The Kansas City, Mexico & Orient Railroad Company, agree upon a settlement of the plaintiff's claim that is sued on in this action?"

This question was answered in the affirmative. The defendant insists that the special question asked by the court submitted an issue not raised by the pleadings, and that the answer of the jury was contrary to the evidence. It has been shown that the question was warranted by the plaintiff's evidence and that the question was rightly answered by the jury. The fact established by the question and answer was alleged in the petition. There was no error in submitting that question.

4. Defendant contends that the instructions given by the court were contradictory, conflicting, misleading, and erroneous. The instructions have been examined. They were not contradictory, conflicting, misleading, or erroneous. They properly submitted the issues to the jury under the pleadings and the evidence.

5. Defendant insists that the cause of action pleaded was not proved. The petition alleged certain facts. Those facts were proved substantially as alleged. There was no variance between the cause of action alleged in the petition and that proved by the evidence. In another part of this opinion, the material facts established by the evidence have been detailed. Those facts were alleged in the petition.

The judgment is affirmed.