No. 20,550.

CHARLES GEMIENHARDT et al., *Appellees,* V. S. H.
WARD, *Appellant.*

SYLLABUS BY THE COURT.

1. OFFICIAL SURVEY—*Accuracy Assailed—Burden of Proof.* In a proceeding to review an official survey the burden of proof should be imposed on the party who assails the survey; but when the rival parties have had ample opportunity to present all their evidence, the fact that the trial court imposed that burden on the party seeking to uphold the survey is not prejudicial error.

2. OFFICIAL SURVEY — *Boundary Lines — Acquiescence of Landowners.* The rule of real-property law relating to the determination of boundary lines through long recognition and acquiescence of adjacent landowners does not control in determining the accuracy of an official survey.

3. OFFICIAL SURVEY—*Established Corners—Duty of Surveyor.* In making an official survey it is not proper to locate corners and lines dependent thereon by parol evidence, long recognition and acquiescence of adjacent landowners and the like, when there are established corners in the vicinity from which, with the aid of the government field notes, the proper location can be accurately determined by mathematical measurements as provided by statute.

Appeal from Ford district court; LITTLETON M. DAY, judge. Opinion filed July 7, 1917. Affirmed.

*L. A. Madison, Carl Van Riper,* both of Dodge City, and *M. N. McNaughton,* of Leavenworth, for the appellant.

*J. M. Kirkpatrick,* of Dodge City, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment of the district court setting aside an official survey which established the corners common to sections 2, 3, 10 and 11, and those common to sections 10, 11, 14 and 15, and which somewhat affected those common to sections 14, 15, 22 and 23, all in township 27 south, range 23 west, in Ford county.

In April, 1914, pursuant to a regular petition and notice, the county surveyor surveyed section 10 and the north half of section 15, in the above-named township and range. The plaintiffs who owned the lands in sections 11 and 14 on the east appealed, and the district court made certain findings—

Gemienhardt v. Ward.

"The county surveyor did not attempt to follow any statute in locating these lines and his return shows that he did not. . . . He did n't take any evidence of anybody to show where the government corners were. . . . He made no measurements and did n't follow any of the field notes, the government field notes. . . . There is some evidence establishing the fact that there were some corners there but there is no evidence to show who put them there or how they came there. There is the evidence . . . that there was a government corner recognized in 1880 there at the northeast corner of section one and another one two miles west of there at the northwest corner of section 2. The evidence of all the parties . . . is to the effect that the line between sections one and two [and] at the northwest corner of section two is practically correct. Now taking that as a base line it seems to me that the surveyor could take that line as a government corner as sufficiently established and run that survey with the field notes, adopting proportionate measurements, could locate these corners between 10 and 11 and 14 and 15 and relocate them in accordance—get them practically correct in accordance with the government survey."

Defendant contends that the court erred in placing the burden of proof on the party seeking to uphold the official survey; that the northeast corner of section 10 was fixed by recognition and acquiescence; that the plaintiffs' evidence was insufficient to overcome the presumption that the survey was correct.

The defendant's first contention may be conceded. The burden of proof was not on him, but upon the plaintiffs—those who impeached the surveyor's report. That is elementary. (*Roadenbaugh v. Egy*, 88 Kan. 341, 342, 128 Pac. 381; *Watkins v. Havighorst*, 13 Okla. 128; 9 C. J. 272.) But the infraction of this rule does not necessarily require the reversal of a judgment if the party upon whom the burden of proof rests does maintain that burden with sufficient evidence, notwithstanding the immethodical order of its introduction. (*Bank v. Brecheisen*, 98 Kan. 193, 196, 157 Pac. 259.) It does not appear that any prejudice resulted in requiring the defendant to take the initiative. Both parties produced all the available evidence; there was no jury; and the trained mind of a trial judge would hardly be led astray by the mere fact that the evidence supporting the survey was presented to him before he heard the evidence assailing it.

It might also be conceded, if this were a boundary-line lawsuit instead of a proceeding to test the accuracy of a survey,

that the defendant's evidence sufficiently established the northeast corner of section 10 to bind the adjacent landowners holding under grantors who had recognized and acquiesced in the location of that corner; but the accuracy of a survey is not necessarily dependent thereon nor governed thereby. Land boundaries, titles and ownership are governed by abstruse principles of law, by deeds, and by more or less complicated and controverted facts; land surveys are governed by precise and invariable principles of mathematics applied in the mode prescribed by statute. (*Swarz v. Ramala,* 63 Kan. 633, syl. ¶ 1, 66 Pac. 649.)

We can not agree with defendant's contention that plaintiffs' evidence was insufficient to overcome the presumption that the survey was correct. On the contrary the evidence of both parties alike showed that the county surveyor did not proceed according to the statute. From the known corners in that vicinity, like those at the northeast corner of section 1 and at the northwest corner of section 2, as suggested by the trial court, the precise location of the corners and lines in dispute could readily have been determined, with the aid of the government field notes, and by the application of proportional measurements. This is the mode directed by statute. (Gen. Stat. 1915, § 2712.) The aid of oral testimony in an official survey is to supply the want of better evidence, and should not be used as a substitute to ignore or displace the better proof—known corners, field notes and mathematical measurements. No better illustration of the result of pursuing a wrong course could be made than the case at bar, where the county surveyor in his official report denounced his own work, saying:

"West of the northeast corner of section 10 to the west range line there is a surplus of about 3.30 chains, while there to the east range line there exists a shortage of about .85 chains. . . . As it is now the iron rod and gas pipe at the corner of sections 2, 3, 10 and 11, is too far east, the 2-inch gas pipe at the corner of sections 10, 11, 14 and 15, is worse yet."

It can neither be discerned nor conjectured why this survey was not made in conformity to the directions of the statute, and the judgment of the trial court is affirmed.