No. 21,052.

H. A. SCHWANDT, *Appellant*, v. O. C. BALLENTINE et al.,
*Appellees.*

SYLLABUS BY THE COURT.

1. HIGHWAY—*Location of Road—Official Survey Competent Evidence.*
In a suit by a plaintiff landowner to enjoin township officials from
grading and ditching a public road, the official record of a county sur-
veyor, who established the corners and boundaries of the section in
which the plaintiff's land lies, twenty years ago, is competent evi-
dence to determine the true location of the road.

2. SAME—*Agreement of Landowners Pending Suit—Incompetent Evi-
dence.* An agreement of adjacent and neighboring landowners touch-
ing their land corners and boundaries, made after the institution of a
suit to enjoin township officials from grading and ditching a public
road, was properly excluded from consideration in such injunction
suit.

3. SAME—*Injunction Denied.* Evidence examined and found sufficient
to sustain a judgment denying an injunction against township officers
who were about to grade and ditch a public road.

Appeal from Pottawatomie district court; ROBERT C. HEIZER,
judge. Opinion filed May 11, 1918. Affirmed.

*C. A. Leinbach,* of Onaga, and *A. E. Crane,* of Topeka, for
the appellant.

*W. F. Challis,* and *E. C. Brookens,* both of Westmoreland, for
the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was a suit to enjoin defendants from
grading and ditching a road on land claimed by the plaintiff.

The plaintiff is the owner of the west half of a section of
land in Center township, Pottawatomie county, which land is
bounded on the west by a public road. The defendants are the
officials of Center township. They removed the plaintiff's
fence on the assumption that it was set too far to the west,
and that it encroached on the public highway. The defendants
were about to grade the road and to construct a ditch at the
side of it, when plaintiff temporarily stopped that project by
this suit.

Schwandt v. Ballentine.

On final hearing the injunction was denied, and plaintiff appeals. His first contention is that it was error to admit in evidence the record of a survey made by the county surveyor in 1898. That survey had permanently established the corners and boundaries of the section in which plaintiff's land is situated. Plaintiff says he was not a party to that survey. The owner of the land at the time of the survey was a party to it. It is also urged that the purpose of that survey was to establish boundary lines for the owner of the west half of the southeast quarter of the section, as against those of the owner of the east eighty of the same quarter, and as against the then owner of the west half of the section, plaintiff's predecessor in title. That was one purpose, but the parties in interest were notified that the boundaries of the section, as well as its subdivisions, were to be established, and they were so established. This record was competent evidence—perhaps incontestable. At all events, the trial court might well prefer it to the parol evidence offered against it.

It is next urged that the court erred in excluding from evidentiary consideration an agreement between plaintiff and his neighbors on the west and northwest establishing the southeast corner of section 31, and the southwest corner of section 32, in township 7, range 11 east, and also the northeast corner of section 6, township 8, range 11 east, and the northwest corner of section 5, township 8, range 11 east—the latter being the principal and controlling point in dispute in this lawsuit. How this agreement could interfere with the right and duty of the defendant township officials to grade and ditch the road as established by the county surveyor twenty years ago is not clear. This agreement was made on June 3, 1916, while this lawsuit was begun on May 10, 1916, and it had no bearing whatever on the question whether the township officials were within their powers in grading and ditching the road. Even if the agreement had been made before this lawsuit arose, it would only bind the parties and those who claim under them. It would not, and could not, bind the public and the officers of the public. (*Gemienhardt v. Ward,* 101 Kan. 250, 251, 252, 167 Pac. 1141.)

Plaintiff's last contention is that the judgment was contrary to the evidence. That contention is without merit. Since

there was some sufficient and competent evidence to sustain the judgment, the fact that there was other evidence in conflict therewith which the trial court did not believe is of no consequence, and the judgment must be affirmed.

It is so ordered.