No. 21,414.

AGNES R. CRONER, *Appellee,* v. CHRISTOPHER J. KEEFER et al., *Appellees,* and J. C. BASHOR et al., *Appellants.*

SYLLABUS BY THE COURT.

1. TAX DEED—*Husband Cannot Acquire Tax Title to Wife's Land.* The relationship of husband and wife is so intimate and confidential that a husband cannot acquire a valid and independent tax title to his wife's real estate by a purchase thereof at a tax sale.

2. BELATED PLEADINGS — *Judicial Discretion.* Rule followed, that the granting or refusal of leave to file belated pleadings is within the sound discretion of the trial court.

3. SHERIFF — *Expiration of Term of Office — Duty of His Successor.* When a writ directing a judicial sale of property has been delivered to and partially executed by a sheriff who is about to retire from

office, it is lawful and proper for him to deliver the writ to his successor, and the latter may finish the official duty directed by the writ and make the official return thereon accordingly.

Appeal from Morris district court; ROSWELL L. KING, judge. Opinion filed June 8, 1918. Affirmed.

*C. S. Crawford,* and *E. S. Crawford,* both of Abilene, for the appellants.

*M. B. Nicholson,* and *W. J. Pirtle,* both of Council Grove, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This appeal questions the propriety of certain incidents which arose in the foreclosure of first and second mortgages on a quarter section of land in Morris county.

The plaintiff, who was the assignee of the second mortgage, brought suit to foreclose. The defendants, Keefer and wife, were the original mortgagors. They conveyed the land to Bashor, who in turn conveyed the north half of the land to his wife. The taxes on the land were in default; and Bashor later paid the delinquent taxes and was given a redemption certificate therefor. In Bashor's answer he asked that the county treasurer be made a party, and that his redemption certificate be reformed and treated as a tax-sale certificate, and that his tax title be quieted against the plaintiff. Plaintiff replied that the deed from Bashor to Bashor's wife was without consideration and was made for the purpose of avoiding the mortgage lien of plaintiff; that Bashor and wife had conspired to cheat plaintiff and defraud her of her lien, and that Bashor and wife had permitted the taxes to become delinquent with the intent that Bashor should obtain an independent title by tax deed and thereby extinguish plaintiff's lien.

While the action was thus pending, the holders of the first mortgage interpleaded and asked for its foreclosure. The defendants were duly served with notice of the interplea, but did not appear to contest it and made default.

Both mortgages were foreclosed, and judgments were entered for the interpleaders and for plaintiff according to the precedence of their mortgage liens. The day after these judgments were entered, the defendants Bashor and wife, by new

attorneys, filed a motion to set aside the judgment and for leave to answer the interplea. This motion was denied.

In December, 1916, an order of sale was issued, and the then sheriff of the county advertised that the land would be sold on February 6, 1917. The sheriff's term expired on January 8, 1917, the order of sale was delivered to his successor in office, and the land was sold, the sheriff's return was made, and the sale confirmed, all in due season.

A third firm of attorneys for defendants Bashor and wife filed a motion to set aside the sale, raising a question of the court's jurisdiction "because not made by any person legally authorized to make the same."

This motion was overruled and denied.

The defendants contend, first, that the reply of plaintiff—that Bashor and wife had conspired to cheat and defraud the plaintiff of her lien and had allowed the taxes to become delinquent so that Bashor might acquire an independent tax title to effect that purpose—raised an issue which should have been tried out. That was an immaterial matter so far as concerns this case. However ingenuous and straightforward Bashor's purposes might have been, the law could not countenance what he sought to accomplish. Some of these taxes were past due and Bashor was primarily liable therefor when he conveyed the north eighty acres to his wife. Furthermore, the relationship of husband and wife is so intimate and confidential that a husband cannot acquire a valid and independent tax title to his wife's real estate by a purchase thereof at a tax sale. (*Warner v. Broquet,* 54 Kan. 649, 39 Pac. 228; *Peck v. Ayres,* 79 Kan. 457, 100 Pac. 283.)

Defendants' next complaint relates to the refusal of the trial court to set aside the judgment and permit an answer to be filed against the interplea of the holders of the first mortgage. It is a familiar rule of law that the granting or refusal of leave to file belated pleadings is within the trial court's sound discretion, and there is no showing here that that discretion was abused. (*Benfield v. Croson,* 90 Kan. 661, 136 Pac. 262; *Bank v. Badders,* 96 Kan. 533, 536, 152 Pac. 651; *Scott v. King,* 96 Kan. 561, 152 Pac. 653; *Bank v. Brecheisen,* 98 Kan. 193, 195, 157 Pac. 259; *Long v. Railroad Co.,* 100 Kan. 361, 363, 164 Pac. 175.)

Defendants' final contention is that the sale was void because there was a change in the personnel of the sheriff's office between the time the order of sale was issued and the time of the sale and the making of the sheriff's return. There is no merit in this contention. When a person holding an office dies or resigns, his successor in office takes up the official duties where the late incumbent left off. The new officer must inform himself, as best he can, of the status of the official affairs entrusted to him and proceed accordingly. This is not only true of sheriffs but of all officers, and not only of executive officers but even of judges, although as to the latter it sometimes happens that the easiest way that a new judge can inform himself of the status of a pending case is to begin anew. There would seldom be such necessity, however, on a mere ministerial duty like that of a sheriff's sale where the sale had been properly advertised by a prior incumbent in the sheriff's office.

Section 2751 of the General Statutes of 1915 requires all writs, process, orders, etc., in the hands of an outgoing sheriff to be handed over to his successor; and while section 2752 *id.* sanctions the practice of finishing the execution and return of writs by a retired sheriff, it is proper for his successor to finish such work in his own official name and character (35 Cyc. 1547; 43 Cent. Dig. 3447, 3451), and ordinarily it is his imperative duty to do so. (Gen. Stat. 1915, §§ 2749, 2757.)

The judgment is affirmed.