No. 35,471

LOIS REED, *Appellant,* et al., v. THE WESTERN LIGHT AND TELE-
PHONE COMPANY, *Appellee.*

(122 P. 2d 723)

Opinion filed March 7, 1942.

*J. A. Fleming,* of Topeka, argued the cause for the appellants.

*Harry W. Colmery,* of Topeka, was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for wages under the act of congress known as the "Fair Labor Standards Act of 1938." Judgment was for the defendant, striking the second amended petition of plaintiff from the files. The plaintiff appeals.

On account of the argument made by the plaintiff it will be necessary to point out fully the allegations in the pleadings filed by plaintiff.

The petition alleged that the defendant was a corporation and that it was engaged in interstate commerce, its particular business being commerce, and that it came within the provisions of the act of congress known as the "Fair Labor Standards Act of 1938," and that the plaintiff was employed by defendant as a telephone switchboard operator. The petition then alleged that the plaintiff, as well as other persons, was required by defendant to work more than the maximum hours per week, as provided in that act, and that she was paid less than the minimum wages as provided in that act. The amount claimed for the overtime she worked during each week was then set out week by week from October 26, 1938, to August 6, 1939. The total was set out in the amount of $194.92. The petition then alleged that plaintiff was entitled to recover that amount with in-

terest at the rate of six percent from August 9, 1939, and an additional amount of $194.92 as liquidated damages, together with her costs and attorney's fees. The petition then alleged that since June 25, 1938, the defendant had operated a number of telephone exchanges and employed several hundred persons whose situation was similar to that of plaintiff and because of the nature and importance of the questions and the large amount of work the plaintiff was entitled to an attorney's fee in the amount of at least $1,000. Judgment was prayed in accordance with the allegations of the petition. That petition was filed on July 21, 1941. On July 23, 1941, an amended petition was filed. In the amended petition the plaintiff alleged that under the authority of the act, to which reference has been made, the suit was brought in her own behalf and in behalf of other persons similarly situated, also that the other persons were required to work more than the maximum number of hours and were paid less than the minimum wages; that the plaintiff did not know and could not state the exact amount due such other persons was $20,000. The petition also alleged that she should be allowed an attorney's fee of $2,000 rather than $1,000. The prayer was for the same amount as the first petition, with the exception that it asked an attorney's fee of $2,000 and that the amount due each of the other persons similarly situated be determined by the court and awarded as wages and liquidated damages.

On August 4, 1941, the plaintiff filed an application for appointment of a commissioner to take depositions of certain named officers of the defendant corporation. The interrogatories were attached to this application. They were designed to ascertain what persons had been employed by the defendant as switchboard operators between the dates given, their addresses and the amount paid them. Apparently this was an effort on the part of plaintiff to ascertain who the individuals were which, she had alleged in her petition, were similarly situated.

This record does not disclose whether the court approved the application for the appointment of a commissioner or whether the interrogatories were answered.

On September 28, 1941, one Kneely Farley, without leave of court, application to intervene or any other proceeding, filed a motion for judgment. She alleged in addition to the allegations of the petition that she worked as a switchboard operator for the defendant between certain dates and that during such times she established con-

nections by means of the switchboard of the defendant for transmission of interstate messages; that during each week she was permitted to work 112 hours; that she had been paid only $40 a month for this work, or a total of $380; that the defendant had refused to pay her the minimum wage of twenty-five cents an hour with pay for one and one-half hours for each hour overtime above forty-four hours per week; that defendant was required to pay her for the time she worked $1,498.50; that it had paid her $380—hence, there was due her $1,118.50 as wages, and the same amount as liquidated damages, and a reasonable attorney's fee.

On October 24, 1941, plaintiff, without leave of court, application to intervene or any other proceeding, filed another motion for judgment on behalf of Blanch Bally and thirty-eight other persons, naming them. This motion did not go into detail as to the amount due Blanch Bally and thirty-eight others but asked for the amount due them under the "Fair Labor Standards Act of 1938" and alleged that each was employed by defendant corporation as a switchboard operator.

On September 15, 1941, defendant filed a demurrer to the amended petition of the plaintiff for the reason that it did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant.

Before referring to the second amended petition so that the reader may keep the story in mind we shall now refer to some of the provisions of the "Fair Labor Standards Act of 1938." It provides, in part, as follows:

"FAIR LABOR STANDARDS ACT OF 1938

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"(a) Every employer shall pay to each of his employees who is engaged in commerce or in the production of goods for commerce wages at the following rates: . . ." (29 U. S. C. A. 206, 52 U. S. Stat. 1062.)

"(b) Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." (29 U. S. C. A. 216, 52 U. S. Stat. 1069.)

It will be noted that section 206 makes the act applicable only to employees who are engaged in commerce or in the production of goods for commerce. Thus it is necessary in order for an employee to recover under the act for the employee to allege and prove that he, the employee, was engaged in commerce or in the production of goods for commerce, the theory of this being that many companies which are engaged in commerce might have employees who were not engaged in commerce. Keeping this in mind, attention should be paid to the fact that the petition and amended petition alleged that the defendant was engaged in interstate commerce and that the plaintiff was employed by defendant as a telephone switchboard operator.

The demurrer was filed upon the theory that this did not constitute an allegation that the plaintiff was engaged in interstate commerce since it would be possible for a switchboard operator to work at that employment and still not handle any interstate messages.

At any rate, after the motions for judgment and the demurrer to which reference has just been made had been filed, the plaintiff saw fit to file a second amended petition. This second amended petition made the amended petition a part thereof and made the further allegation that the defendant was engaged in the transmission of interstate messages and that the plaintiff was employed by defendant as a switchboard operator, and as a part of such work established connections for the transmission of interstate messages by means of defendant's switchboard, and was employed by defendant in commerce as defined in the "Fair Labor Standards Act of 1938;" that defendant knew the names of each person who had worked as a switchboard operator during the months and during the time involved and had those records under its control. Leave of court was granted for the filing of this second amended petition on September 30, 1941. That was more than ten days after the filing of the general demurrer, which was filed on September 15, 1941. It should be noted that the second motion for judgment, to which reference has been made, was filed on October 24, 1941, or after the filing of the second amended petition.

The defendant filed a motion to strike the second amended petition on the ground that in her amended petition she sought to recover wages and damages alleged to be due her because she was employed as a telephone switchboard operator, and the defendant was engaged in interstate commerce, and that in her second amended

petition she had included the amended petition as a part, but alleged that the defendant was engaged in the transmission of messages in the nature of interstate messages, and that the plaintiff in the course of her employment established such connections; that the amended petition did not state a cause of action of which the court had jurisdiction, and the second amended petition attempted to set up a new and different cause of action from that attempted to have been stated in the amended petition and changed substantially the claim of plaintiff, as alleged in the amended petition. This motion to strike was sustained on November 14, 1941. The appeal is from that order.

Plaintiff argues that she filed her second amended petition under the provisions of G. S. 1935, 60-756. That section reads as follows:

"The plaintiff may amend his petition without leave, at any time before the answer is filed, without prejudice to the proceedings; but notice of such amendment shall be served upon the defendant or his attorney, and the defendant shall have the same time to answer or demur thereto as to the original petition."

Plaintiff points out that no answer had been filed when this amendment was made and contends that under such circumstances she had a right to amend her petition without leave. She concedes that no notice of this amendment was served upon the defendant or his attorney, but contends that since her failure to do so was not raised by the defendant on its motion to strike the point was waived.

This argument of the plaintiff overlooks the provisions of G. S. 1935, 60-757. That section reads as follows:

"At any time within ten days after the demurrer is filed the adverse party may amend of course, on payment of costs since filing the defective pleading. Notice of the filing of an amended pleading shall be forthwith served upon the other party or his attorney, who shall have the same time thereafter to answer or reply thereto as to an original pleading."

It will be noted that the above section applies to the situation we have here, that is, a demurrer was on file. More than ten days had elapsed since the filing of this demurrer, so the provision of the above statute giving the plaintiff the right to amend as a matter of course did not govern this case, nor did G. S. 1935, 60-756, govern it.

There remains the provisions of G. S. 1935, 60-759. That section reads as follows:

"The court or judge may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a

mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform in any respect to the provisions of this code, the court or judge may permit the same to be made conformable thereto by amendment."

This section gives trial courts the authority to allow amendments to pleadings in the furtherance of justice and on such terms as the court may deem proper. This is the only section providing for an amendment when more than ten days have elapsed after the filing of a demurrer or when an answer is on file.

Such an amendment is addressed to the sound discretion of the trial court. In *Fire Ins. Co. v. Amick*, 37 Kan. 73, 14 Pac. 454, the defendant requested leave of the court to amend its answer in an action on a fire insurance policy setting up some new matter. This request was made after the plaintiff had introduced part of her evidence. The trial court denied this request. The request to amend was made pursuant to section 139 of the code of civil procedure in effect at the time. This section is now G. S. 1935, 60-759. This court said:

"Of course, under § 139 of the civil code, the court may in any case, *in furtherance of justice,* and on such terms as may be proper, permit a party to amend his pleadings by inserting other allegations material to the case, when such amendment does not change substantially the claim or defense; but the amendment, in any case and at any time, can be made only '*in furtherance of justice,*' and it must be *affirmatively shown* that the amendment *is in furtherance of justice*. No such showing was made in the present case." (p. 74.)

In *Long v. Railroad Co.,* 100 Kan. 361, 164 Pac. 175, the defendant requested permission to amend its answer by verifying it so as to put in issue a matter of agency. The trial court denied the request. On appeal this court said:

"Even if the verification of the answer had been material, it was within the sound discretion of the court to permit the answer to be verified at the time the application was made. . . . There was no reversible error in refusing to permit the verification of the answer." (p. 362.)

In *Bank v. Brecheisen,* 98 Kan. 193, 157 Pac. 259, the answer of the defendants had been on file about six months. Shortly before the trial defendants asked leave to file an amended answer. The amendment was offered, but the trial court refused permission to file it. On appeal this was urged as error. This court said:

"It has been repeatedly held that the allowance or refusal of applications

to file amended pleadings is within the sound discretion of the trial court." (p. 195.)

To the same effect is *Bank v. Badders*, 96 Kan. 533, 152 Pac. 651, also *Sheldon v. Board of Education*, 134 Kan. 135, 4 P. 2d 430.

Before a judgment will be reversed on account of refusal of a trial court to permit an amendment of a pleading there must be an affirmative showing that there was an abuse of discretion.

The second amended petition was filed in this action without notice to the defendant. It is true that the judge of the trial court gave the plaintiff leave to file the second amended petition, but the record does not disclose that the allegations of the pleading were called to the attenion of the court. The first time this was done was when the motion to strike the second amended petition was filed. The trial court then had an opportunity to review the many rather unusual steps that had been taken by plaintiff in this litigation. The action had been filed by the plaintiff on her own behalf, then amended next day in an attempt to plead a class action. The remarkable procedure of the filing of the motion to take interrogatories was more for the benefit of counsel for plaintiff than for plaintiff because apparently he did not know until the interrogatories were answered who the other parties were for whom he was bringing the action. The trial court, no doubt, had its attention called to the motions for judgment which had been filed wherein a money judgment was asked in behalf of new parties with no leave to intervene having been asked nor any notice having been served on the defendant as to the claim of these parties. Then finally the trial court had called to its attention that the new facts pleaded in the second amended petition had been known to plaintiff and her counsel from the beginning of the litigation. We do not find it necessary to pass upon the question of how the action in behalf of the other parties should have been brought. All these facts and circumstances, however, were proper to be considered by the trial court in the exercise of its discretion as to whether the confused state of the record was such that it was not in the furtherance of justice to overrule the motion to strike the second amended petition. We hold that the trial court did not abuse its discretion.

The judgment of the trial court is affirmed.

HOCH, J., not participating.