No. 39,503

In the Matter of the Appeal by MARTIN CHILDERS and EMMA CHILDERS for a Property Survey, *Appellants,* v. JOHN A. HOFFER and MABEL HOFFER, *Appellees.*

(277 P. 2d 625)

Opinion filed December 11, 1954.

*Thomas H. Conroy,* of Beloit, argued the cause, and was on the briefs for the appellants.

The opinion of the court was delivered by

HARVEY, C. J.: This was an appeal from an order of the court dismissing an appeal by appellants from a surveyor's report, made under the pertinent sections of our statutes, Ch. 19, Art. 14, G. S. 1949.

The record discloses the county surveyor had been requested by appellees to survey the south line of the North 42 feet, Lot 33, on Hersey Avenue, Elmwood Park Addition to the city of Beloit.

The county surveyor gave the notices required by statute, made the survey, and filed his report thereof on April 28, 1953, and the same was recorded in Book 4, p. 177, of the Surveyor's Records of Mitchell County. No question had been raised about this line until about a year prior to the survey. The survey put in question the location of the line and showed appellants' garage to be, in part, upon the property of appellees. Within 30 days after the result of the survey had been recorded appellants served written notice on the county surveyor and on the appellees of an appeal to the district court from the survey. The only question presented in this appeal was whether, in making the survey, the surveyor started at an established, or proven point. He testified that he started at an iron bar, or pin, which was located in the southwest corner of Lot 45, in Highland Park Addition to the city of Beloit; that there was no record showing that the iron bar, or pin, had been officially established as a point. The surveyor testified that *he had learned from Jim Edwards or someone else* that the iron bar, or pin, from which

he started the survey in question, had been established by some county surveyor some years ago, but there was no record of it. He testified he was a Civil Engineer and had been County Engineer for 25 years, and that he found the survey in question to closely coincide with another survey *purportedly* made by a Mr. Barber. There was no record of this Barber survey.

In the trial of this case appellants introduced Exhibit "A," which was a certified copy of an engineer's field notes pertaining to the establishment of the official point of record where Campbell Avenue, in the city of Beloit, intersects with the north line of section 9, township 7, range 7, in Mitchell County, which north line of section 9 lies in the center of Eighth Street in the city of Beloit, to establish a point from which the survey might have been started. The surveyor testified that he had not used that particular record to get a starting point for the survey in question; that he could have used it but he thought it would be unnecessary work to do so; that the iron bar, or pin, from which he started did not evidence a section or quarter section corner; that he did not look for the nearest section or quarter section corner, and that the survey appealed from did not show a well-established, or a finding, of a section or quarter section corner.

Appellants filed a motion to have this survey declared null and void for the reason it was not made pursuant to statute, and that the survey was incomplete. Before ruling upon that point the trial court had the parties submit briefs. Counsel for appellants submitted a memorandum brief. Later, and upon further consideration, the court denied the motion and held: That the survey appealed from was accurate and made an order dismissing the appeal. This appeal followed.

In this court appellants contend the trial court erred in holding the survey to be accurate and dismissing the appeal. We think the point is well taken. It is fundamental that in any official survey there must be a starting point which has been established by the official government survey or some other official survey. The surveyor is not justified in starting at some point that he thought *Jim Edwards or someone else* told him had been established by a non-official survey of which there was no record. The fact that it was easier to do it that way than to find some established corner from which to start the survey is no excuse. See, G. S. 1949, 19-1422, and subsequent pertinent sections.

In *Roadenbaugh v. Egy,* 88 Kan. 341, 128 Pac. 381, it was held:

"In a survey, called for the specific purpose of establishing the boundary line between the northwest quarter and the northeast quarter of a certain section, it is the duty of the county surveyor, and of the court on appeal, to relocate the line according to the statutory rules for reproducing United States government surveys." (Syl. 1.)

In *Gemienhardt v. Ward,* 101 Kan. 250, 167 Pac. 1141, it was held:

"In making an official survey it is not proper to locate corners and lines dependent thereon by parol evidence, long recognition and acquiescence of adjacent landowners and the like, when there are established corners in the vicinity from which, with the aid of the government field notes, the proper location can be accurately determined by mathematical measurements as provided by statute." (Syl. 3.)

The judgment of the trial court is reversed with directions to set the survey aside.