State v. Kurent.

---

No. 21,814.

THE STATE OF KANSAS, *Appellee,* v. ADOLPH KURENT, *Appellant.*

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Violation of Injunction—Contempt Proceeding—Pendency of Other Prosecutions.* In a contempt proceeding for the violation of a decree enjoining the sale of intoxicating liquors, and the maintenance of a nuisance at a certain place, the defendant may be punished for sales of liquor and for acts done in maintaining a nuisance, although a criminal prosecution is pending against him for the same sales and acts.

2. SAME—*Not Twice in Jeopardy for Same Offense.* He is not thereby put in jeopardy twice for the same offense, since in one case he is punished for a crime and in the other for contempt of court.

3. SAME—*Admission of Certain Testimony—Stipulation.* The defendant had no reason to complain of the admission of testimony in the contempt proceeding which had formerly been taken and transcribed in the criminal proceeding, as he had agreed and stipulated that the evidence might be so used.

4. SAME—*Sufficient Evidence.* The evidence in the case examined, and held to be sufficient to sustain the findings and judgment of the trial court.

23—105 KAN.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed October 11, 1919. Affirmed.

*E. L. Burton,* of Parsons, and *Thomas W. Clark,* of Pittsburg, for the appellant.

*Richard J. Hopkins,* attorney-general, *A. B. Keller,* county attorney, *C. A. Burnett,* assistant county attorney, and *George F. Beezley,* of Girard, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from a conviction upon a charge of contempt. On May 6, 1913, the defendant was perpetually enjoined from maintaining a nuisance on certain premises in violation of the prohibitory liquor law, and the judgment was based on the written confession of the defendant. In September, 1917, he was prosecuted before a justice of the peace for various violations of the prohibitory liquor law and found guilty upon all the counts charged in the complaint. An appeal was taken to the district court, and after a mistrial there the case was discontinued. Prior to the dismissal, another prosecution had been begun before a justice of the peace for like offenses, and while this case was pending the defendant was tried upon the charge of contempt of the permanent injunction and was found guilty. The penalty imposed was imprisonment for six months, a fine of $100 and costs, including an attorney's fee of $100.

The first contention is that the court should not have required the defendant to go to trial on the contempt charge while the facts out of which it grew were pending and undetermined in the criminal case. The charge of contempt was a step in a civil proceeding of injunction and is independent of the criminal prosecutions. In one case he was prosecuted for crime, and in the other for disobedience of an order of the court in a civil proceeding. In *Cowdery v. The State,* 71 Kan. 450, 80 Pac. 953, it was said:

"Again, it is urged that the court erred in not dismissing, or, at least, not continuing, the trial of this case until a criminal case which was pending in the same court against the same defendant should be disposed of, and in which he was charged with a violation of the prohibitory liquor law, and, it is claimed, upon the same facts. Whether the charge in the criminal case was for illegal sales or for maintaining a nuisance the

record here does not disclose. It matters not. The result of the criminal case could under no circumstances become *res judicata* as to any question of law or fact involved in the civil case." (p. 451.)

Nor is the order punishing the defendant for contempt an invasion of his constitutional rights. The injunction proceeding is in due course of law (*Mugler v. Kansas,* 123 U. S. 623), and a conviction based on the criminal acts which furnish the foundation for the proceeding for contempt is not a bar to punishment for contempt. It cannot be said that he is put in jeopardy twice, for the reason that the violation of the civil order is not the offense charged in the criminal case. (*The State v. Roach,* 83 Kan. 606, 112 Pac. 150; *Ex parte Allison,* 99 Tex. 455; Note, 2 L. R. A., n. s., 1111.)

The reception of testimony which had been given on the criminal trial is assigned as error. It appears from the record, however, that this evidence was admitted under an agreement of the defendant that it should be considered so far as it was competent, relevant, and material, and should be treated the same as though the witnesses were present in court, and had been properly sworn and had given their testimony. Under this stipulation the plaintiff will not be heard to object to the form in which the testimony was presented.

There is a further contention that the evidence did not warrant the court in finding the defendant guilty of contempt. It was found by the court:

"3rd. That on or about September 13th, 1917, the deputy sheriff and undersheriff found eleven (11) sacks of beer in a cellar or cave on said premises; that said cellar or cave had a cement floor; that said quantity of beer was found in a trench under the floor of said cellar or cave; that the said trench was covered with a cement slab, the top of which slab was flush with the top of the floor of the cave or cellar; that the said slab had a wire or metal handle on each end thereof; that said trench extended east and west along the north side of said cave or cellar; that immediately above said trench was a bench or table upon which some household provisions of some kind was placed; and

"4th. That on or about September 13th, 1917, the deputy sheriff and undersheriff found on said premises, in an ice box in the kitchen or wash room, about three sacks of beer; and

"5th. That on or about September 13th, 1917, in the house of said defendant on said premises said deputy sheriff and undersheriff found one man with a bottle of beer in his hands and two other men each with a bottle of beer setting on the floor beside them; and

"6th. That on or about September 24th, 1917, the deputy sheriff and undersheriff went to the said premises of said defendant and then and there found two men sitting at a table; setting before one of the men was a whisky glass with whisky in it, and setting before the other man was a whisky glass empty, and that at said time and place upon seeing the said deputy sheriff and undersheriff enter the house the wife of said defendant ran into either the room where the said two men were sitting or into the kitchen and picked up a jug and ran and threw it out into the yard; said jug containing a small amount of whisky when found by said officers in defendant's yard; and

"7th. That on said 24th day of September, 1917, on the said premises of the said defendant, said officers found about one-half (½) bushel of bottle caps, or bottle stoppers, in one heap or pile out near defendant's barn, and at said time and on said premises and near where said bottle caps were found were two barrels each containing some water and in the water of each barrel was found by said officers some labels off of beer bottles; and

"8th. That on September 24th, 1917, and on September 13th, 1917, the said defendant kept, maintained and operated, and permitted to be kept, maintained and operated in the buildings and places appurtenant thereto, situated on the premises heretofore described, a place where intoxicating liquors were sold, bartered and given away in violation of law; and where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage, and where intoxicating liquors were kept for sale, barter and delivery in violation of law."

The evidence abundantly sustains the findings of the trial court and is so direct and full that a discussion of its sufficiency is not warranted.

Some question was raised as to the description of the defendant's premises, but an amendment of the record answers this objection and shows that the description given in the evidence corresponds with the pleading in that respect.

The judgment of the district court is affirmed.